DIXIE LEE ZUBER, JOHN STANLEY ZUBER, JR., PATRICIA ANN ZUBER, SUE ELLEN ZUBER and BARBARA JEAN ZUBER, Minors, by Their Mother and Next Friend, IDA COLEEN ZUBER, Appellants, v. CLARKSON CONSTRUCTION COMPANY, a Corporation, Respondent, No. 42842—251 S. W. (2d) 52.

Division One, July 14, 1952.

Motion for Rehearing or to Transfer to Banc Overruled, September 8, 1952.

*Arthur B. Taylor* and *Walter A. Raymond* for appellants.

354

*Tom J. Stubbs, Jack G. Beamer* and *Stubbs, McKenzie, Williams & Merrick* for respondent.

VAN OSDOL, C.—Plaintiffs, the infant children of John Stanley Zuber, deceased, instituted this action against defendant seeking the recovery of $15,000 for the wrongful death of their father.

Defendant, Clarkson Construction Company, filed its motion to dismiss plaintiffs' petition on the ground the petition failed to state a claim upon which relief could be granted against defendant. The trial court sustained defendant's motion and entered a final judgment of dismissal. Plaintiffs have appealed.

Plaintiffs in stating their claim alleged in their petition that on and prior to May 29, 1949, the defendant was engaged in constructing an earthen embankment or levee on the south bank of the Missouri River in the vicinity of 1700 North Monroe in Kansas City; that

in doing this work defendant owned, used and operated certain large diesel or other motor-driven, earth-moving tractors and trailers known as "Euclid Carry-alls"; that at the end of the day's work defendant customarily and for many days parked the Carry-alls on the levee or some public place adjacent thereto with .the machinery in gear and the switches and ignitions unlocked, with fuel in the tanks, and with the brakes off and not in operating condition ,ready to be easily put in operation; that each evening curious adult persons gathered around the machinery and inspected it and some of the persons started the tractors and operated them up and down the levee to demonstrate how they worked and that such was the usual and customary proceeding each evening; that the defendant knew, or by the exercise of ordinary care could and should have known, prior [54] to May 29th, of such operation of the machines by members of the public and dangers incident thereto; that at the close of the day's work on May 29th defendant parked two of its Carry-alls, numbers 712 and 101, and left them unattended in a public place on or near the levee; that the Carry-alls at the time and place were left in gear, with the ignition switches unlocked and the self-starters ready to operate but with the brakes off and not in an operating condition; that about 4:30 in the afternoon of May 29th, and after the machines had been so parked and left unattended in the stated condition, plaintiffs' decedent, John Stanley Zuber, and one James W. Canterbury were attracted to the machines; that, while plaintiffs' decedent was standing near the left rear tractor wheel of defendant's Carry-all No. 101 which was then stationary, Canterbury started defendant's Carry-all No. 712 and drove it forward toward the north and upon and over plaintiffs' decedent thereby crushing him and inflicting upon him body bruises and internal injuries from which he died almost immediately thereafter; that said injuries and death of plaintiffs' decedent were directly caused by the negligence of the defendant as further specified in the petition.

In determining if a petition states a claim or cause of action, the averments of the petition are to be given a liberal construction, according the averments their reasonable and fair intendment—fair implication should be indulged from the facts stated. So considered, a petition should be held sufficient if its averments invoke substantive principles of law which entitle plaintiff to relief. A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo. Sup., 246 S.W. 2d 742; Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W. 2d 25; Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W. 2d 601; Section 509.250 RSMo 1949, V.A.M.S.

Plaintiffs-appellants contend their petition states facts imposing the duty upon defendant to take precautions to protect decedent

from harm; that defendant was negligent in failing to discharge its duty; and that, as a direct and proximate result of defendant's negligence, plaintiffs' decedent was fatally injured. Plaintiffs-appellants urge that defendant's earth-moving tractors and trailers were left in gear in a public place with ignition switches unlocked and with inoperative brakes; and that defendant knew or should have known that on previous evenings curious people had gathered in this public place and operated the machines up and down the levee. In such circumstances, plaintiffs-appellants say, defendant owed plaintiffs' decedent the duty, and was negligent in its duty, to take appropriate measures to protect him from danger of the machines being started and operated by persons, some of whom no doubt were untrained in the control and the operation of the machines. Plaintiffs-appellants further urge defendant's negligence was the proximate cause or a concurring proximate cause, and the act of Canterbury in starting the Carry-all did not break the causal connection between defendant's negligent conduct and the injury.

Defendant-respondent asserts plaintiffs' petition fails to state a claim or cause of action, and the trial court correctly entered a judgment of dismissal. Defendant-respondent contends that it had no duty to protect plaintiffs' decedent from injury caused by the intentional or negligent act of a responsible third person, Canterbury, and, having no such duty, defendant was not guilty of negligence. Defendant-respondent says, its Carry-alls, while heavy and powerful, are nothing more than large motor trucks and not inherently dangerous in any circumstances; and defendant could not be reasonably said to have had reason to foresee that intermeddlers would unlawfully appropriate the machines and negligently injure others. But, defendant-respondent says, if it is determined that defendant had such a duty, the causal connection between defendant's alleged negligence and the injury was broken by the act of Canterbury—which act of Canterbury became the intervening efficient cause of the injury.

The parties, appellants and respondent, upon this appeal have cited many cases treating with factual situations wherein defendants, owners or operators of automobiles or motor trucks, had left their motor vehicles unattended and with ignition switches and starting equipment ready for use in circumstances in which the reviewing courts have said the defendants should or should not have foreseen that the vehicles would be started and driven by third persons, and in which cases the courts had varying views in the varying circumstances of the respective cases considered as to whether the owners were negligent in the circumstances and whether, if negligent, the negligence was the proximate cause of the injuries. Reference is made to Annotations 158 A.L.R., p. 1374; and 26 A.L.R., p. 912, for the analyses of the many cases therein collated, many of which have been cited by the parties to this appeal. None of the cases

analyzed are especially helpful to us here. None of the motor vehicles involved in the analyzed cases were parked in situations like that alleged in the instant case; and we infer defendant's large earth-moving machines were different in appearance and in technique of operation from the appearance and manner of operation of automobiles or trucks ordinarily operated upon the public highways. We shall endeavor to apply foundation principles of the law of negligence to the facts stated in plaintiffs' petition.

Aside from a duty to exercise care assumed by entering into a contractual relationship or imposed by controlling ·statute or ordinance, the duty to exercise care may be a duty imposed by common law under the circumstances of a given case. Vol. 1, Thompson on Negligence, § 4, p. 6; 38 Am. Jur., Negligence, § 14, pp. 655-657. Negligence depends upon the surrounding circumstances, as well as the particular conduct involved, because an act or omission which would clearly be negligent in some circumstances might not be negligent in other circumstances or surroundings. Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S.W. 2d 58. It has been said a person who is responsible for an instrumentality which is dangerous and likely to cause injury to persons rightfully in its proximity is charged with taking appropriate precautions to avoid injury to such persons, and his failure to take such precautions constitutes negligence. But if the instrumentality is rendered dangerous by the act of a third person which act the owner had no reason to anticipate, he should not be held liable for the injury. It is not negligence to fail to take precautionary measures to prevent injuries resulting from peculiar, unusual and unexpected occurrences which could not have been reasonably anticipated. 65 C.J.S., Negligence, § 84, pp. 592-593. It has also been stated that a negligent act may be one which creates a situation which involves an unreasonable risk to another because of the expectable action of a third person. Restatement, Torts § 302.

Relating to those dangers to be reasonably anticipated—if there is some probability or likelihood, not a mere possibility, of harm sufficiently serious that ordinary men would take precautions to avoid it, then the failure to do so is negligence. While the likelihood of a future happening is the test of a duty to anticipate, this does not mean the chances in favor of the happening must exceed those against it. The test is not the balance of probabilities, but of the existence of some probability of sufficient moment to induce the reasonable mind to take the precautions which would avoid it. Berry v. Emery, Bird, Thayer Dry Goods Co., 357 Mo. 808, 211 S.W. 2d 35; Lloyd v. Alton R. Co., 348 Mo. 1222, 159 S.W. 2d 267; Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91; Tullgren v. Amoskeag Mfg. Co., 82 N. H. 268, 133 A. 4. Relating to the problem of legal or proximate causation it is restated, ''If the realizable likelihood that a third person may act in a particular manner is the

hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.'' Restatement, Torts § 449; Christiansen v. St. Louis Public Service Co., 333 Mo. 408, 62 S.W. 2d 828.

In the instant case the facts alleged are that defendant left its Carry-alls in a [56] public place, which place we infer was near the densely populated area of a city. Curious people, adults, had theretofore gathered and some intermeddling persons had operated defendant's machines to see how they worked. Such was the usual and customary proceeding each evening. This, it is stated, defendant knew, ''or by the exercise of ordinary care could and should have known'' prior to May 29th. We are unwilling to say defendant, absent actual knowledge of such a practice, had a duty to maintain a watch or make an inspection anticipating that curious persons might move the machines; but we may consider the alternative allegation, ''or by the exercise of ordinary care could and should have known,'' as surplusage. (Actual knowledge, of course, may be established by direct or circumstantial evidence. We express no opinion as to what facts or shown circumstances would justify the inference of defendant's knowledge that curious intermeddlers were making the practice of operating the machines.)

It may be fairly implied from the allegations of the petition that the curious persons, including plaintiffs' decedent, who came to see the Carry-alls, were not trespassers; they had a lawful right to be in the proximity of defendant's machines which, as stated, were parked unattended in a public place. Now it was alleged that defendant's large motor-driven, earth-moving machines were left unattended in the public place without operative brakes, fueled up, in gear, and with the ignition switches in such a condition that they could be turned on and the machines started. Although the machines as they were parked and at rest on or near the levee were not especially dangerous if no human agency intervened, yet, fueled up, with ignition switches unlocked and with inoperative brakes, they were potentially dangerous, and, if one were started by some reckless person or by some intermeddler probably unskilled in the technique of its operation, it would (and did) become a monstrous instrumentality of destruction. It seems to us it could be reasonably said the person, defendant, the owner and responsible for these machines, with knowledge that curious intermeddlers were making the practice of operating the machines, had reason to anticipate or foresee that other intermeddlers would start the machines and that, among those who operated the machines, some person, though an adult, starting the machine would be reckless or unskilled. It is not too much to say that, in the circumstances averred, a reasonably prudent person should take into

account these probabilities, and would foresee that some injury was likely to ensue.

It is true, as defendant-respondent urges, the machines have great economic importance and contribute immeasurably to the general welfare in the construction of public works; nevertheless, the effort or expense of devising and using locks, assuming the machines were not so equipped, or the taking of other precautionary measures rendering the machines immobile or inoperable, thus obviating the stated foreseeable danger, would seemingly be not too onerous or out of proportion to the hazard involved. Restatement, supra, § 302.

We believe it should not be held that the facts stated in the petition are insufficient in invoking substantive principles of law entitling plaintiffs to relief.

The judgment should be reversed, and the cause remanded.

It is so ordered. *Lozier, C.,* dissents; *Coil, C.,* concurs.

PER CURIAM:—The foregoing opinion by Van Osdol, C., is adopted as the opinion of the court. All the judges concur.