Vernon SCHMIDT, Appellant,

v.

Frank WINDISH, Respondent.

No. 45846.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1957.

Dearing, Richeson & Weier, Will B. Dearing, Hillsboro, for appellant.

F. X. Cleary, C. M. Kirkham, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for respondent.

STOCKARD, Commissioner.

Appellant Vernon Schmidt, plaintiff below, has appealed from a judgment for defendant, entered pursuant to a jury verdict, in his suit for $20,000 damages resulting from an automobile collision.

On the night of April 12, 1955, defendant Frank Windish and his family attended a drive-in theater on Lemay Ferry Road in St. Louis County. About 10:45 when he started to leave the theater, the engine of his automobile failed to function. His automobile was pushed onto the highway, but the engine still failed to start and he drove toward the side of the highway and stopped. It is admitted that when stopped defendant's automobile was partially on the paved portion of the highway, possibly one or two feet. Defendant testified that the tail-lights of his car were turned on and that he placed a warning flare a few feet to the rear of his automobile. There was also testimony that defendant's eleven-year-old daughter was standing at the rear of defendant's automobile waving a flashlight when plaintiff's automobile approached. Plaintiff was driving north on Lemay Ferry Road and traveling about 45 miles per hour. His headlights were turned on low beam or for "city driving." At the place of the accident the highway had four lanes, two for northbound and two for southbound traffic, and plaintiff was driving in the outside lane for northbound traffic. His car struck the left rear part of defendant's car which was parked as herein indicated. When plaintiff first saw defendant's automobile he was "very close" to it. He tried to apply the brakes and swerve, but he did not know if the brakes were actually applied before the collision if at all. Plaintiff also testified that he did not see any lights on defendant's automobile, and that he did not see any one at the place of the collision with a flashlight. There was no traffic coming from the opposite direction. The pavement was dry and the area was not artificially lighted except as may have resulted from the lights on the two cars.

Plaintiff's assignments of error are all directed against instruction 3 given at the request of defendant, which, after stating that plaintiff was required to exercise the highest degree of care and then defining that term, was as follows: "The Court further instructs you that the plaintiff, Vernon Schmidt, in the exercise of the highest degree of care was required to keep and maintain a constant, careful and vigilant watch

and look-out ahead to see, discover, and be cognizant of the presence and position of all vehicles upon Lemay Ferry Road ahead of his automobile. Therefore, the Court instructs you that if you find that on the occasion in question the plaintiff, Vernon Schmidt, was driving northwardly on Lemay Ferry Road and that the defendant's automobile stalled and was stopped partly on the shoulder on the east side of the paved portion of said Lemay Ferry Road and partly on the made portion of said highway, and if you find that the defendant's automobile was marked by red tail-lights directed to the rear and that a member of defendant's family was to the rear of said stopped automobile with a flashlight directed toward the south, and if you believe and find that the plaintiff, Vernon Schmidt, could have seen said automobile or the lights thereon or the person to the rear of it with a flashlight, if you so find, in time thereafter to have stopped his automobile or to have swerved the same to the left but that he failed to do so, and if you believe and find that the plaintiff failed to exercise the highest degree of care for his own safety and was thereby negligent, if you so find, and that such failure, if any, directly caused or directly contributed to cause whatever injuries, and damages, if any, plaintiff may have received on the occasion mentioned in evidence, then you will find that plaintiff is guilty of contributory negligence and he cannot recover herein and your verdict must be in favor of the defendant."

■ Plaintiff first contends that the instruction imposes on him a greater duty than that required by law in that it charged that in the exercise of the highest degree of care he was required "to see, discover, and be cognizant of the presence and position of all vehicles upon Lemay Ferry Road ahead of his automobile." Plaintiff's objection is to the use of the word "cognizant," and he argues that this placed on him the duty to be aware of the presence of defendant's automobile partly on and partly off the highway even though there was an intervening hill or curve.

According to Webster's New International Dictionary of the English Language, 2nd ed., unabridged, the word "cognizant" means "having cognizance." The meaning of the word "cognizance" includes "Apprehension by the understanding; conscious recognition; hence, by extension, heed; notice," and "The range of what may be known by observation; as, facts that fall within human cognizance." It is clear from the above, that the meaning of the word does not include that placed on it by plaintiff. The instruction required only that plaintiff be aware of the presence of defendant's automobile if it was within the range of what could be known by observation, or by a conscious recognition.

■ Plaintiff next contends that the instruction submitted for the jury's determination "material questions of fact not supported by any evidence, and not within the purview of the pleadings." Defendant pleaded in his answer that "plaintiff negligently and carelessly failed and omitted to keep a lookout ahead for vehicles in and adjacent to the highway when, by so doing, he could have discovered defendant's vehicle in time to have prevented the collision." Plaintiff contends that the answer "does not raise the issue that the plaintiff could have seen a person to the rear of the stalled automobile with a flash light" and therefore, that submission as found in instruction 3 is necessarily broader than the issues framed by the pleadings. There is no question but that there was evidence to support the submission that defendant's daughter was standing at the rear of defendant's automobile with a flashlight. This evidence was admitted without objection. Therefore, assuming that the issue of whether a member of defendant's family was standing behind the automobile with flashlight directed toward the south was not within the pleadings, it is the accepted rule that an instruction on an issue not pleaded but supported by evidence admitted

without objection is not error. Cornwell v. Highway Motor Freight Line, Inc., 348 Mo. 19, 152 S.W.2d 10 [5]; Doutt v. Watson, Mo.App., 231 S.W.2d 230 [3].

Plaintiff testified that he was traveling 40 to 45 miles an hour and that he "guessed" he could see 40 to 50 feet "up the road." He also testified that he could have stopped in 110 to 120 feet and that he could move his automobile from the outside traffic lane to the inside traffic lane in 200 feet, but that it would require a less distance if he applied his brakes and swerved at the same time. Plaintiff argues that there was no evidence that plaintiff could have seen defendant's automobile when he was more than 120 feet from it, and therefore the instruction incorrectly submitted the issue of plaintiff's ability to have stopped or swerved to his left and avoided the collision.

■■ In determining the sufficiency of the evidence to support this submission we consider the evidence most favorably to defendant. State ex rel. Kansas City Public Service Co. 'v. Bland, 353 Mo. 1234, 187 S.W.2d 211 [5]; Riley v. Young, Mo.App., 218 S.W.2d 805 [3]. The evidence, so viewed, would authorize the jury to find that as plaintiff approached the site of the accident, the tail lights on defendant's automobile were burning, the dome light was also burning, defendant's daughter was standing back of the automobile waving a lighted flashlight, there was a burning flare back of defendant's automobile at the edge of the pavement, the area was dark but there was no fog or other unusual atmospheric conditions and the highway was dry. Also, plaintiff was approaching defendant's parked automobile at a speed of 40 to 45 miles an hour, there was no oncoming traffic and consequently there were no automobile lights which could have blinded him. Defendant's automobile extended onto the pavement only one or two feet at the most and only a slight swerving of plaintiff's automobile would have been necessary for him to have missed it. We do not need to say for what distance

plaintiff should have discovered the presence of defendant's automobile and have seen the tail lights thereon, the burning flare, and the flashlight, but the above facts unquestionably would authorize a finding by the jury that in the exercise of the highest degree of care in the operation of his automobile plaintiff could have discovered the presence of defendant's automobile partly on the highway in time to have stopped his automobile within the distance he testified he could stop, and that he could have swerved his automobile sufficiently to have avoided the collision, and that the failure to do either constituted negligence on his part.

■■ Plaintiff next contends that instruction 3 is "based in part upon general negligence but *comingles* therewith a charge based upon specific negligence." Plaintiff's position is that after hypothesizing the issue that plaintiff could have seen the defendant's automobile or the lights in time to have stopped or swerved his automobile and avoided the collision, the instruction then submits a general charge of negligence by stating that "and if you believe and find that the plaintiff failed to exercise the highest degree of care for his own safety and was thereby negligent, if you so find, and that such failure, if any, directly caused or directly contributed to cause whatever injuries, and damages, if any, plaintiff may have received on the occasion mentioned in evidence" etc. If the instruction had used the word "or" instead of "and" following the submission of failing to stop or swerve, it is apparent that plaintiff would be correct in his contention. But this is not what was done. Here, the instruction submitted the issue of whether plaintiff could have stopped or swerved and that he failed to do so, and then it stated that if the jury so found and also found that plaintiff failed to exercise the highest degree of care and was thereby negligent, and that such failure, that is, failure to stop or swerve, directly caused or directly contributed to cause plaintiff's injuries, he was contributo-

rily negligent. It would, of course, have been better if, after hypothesizing the failure to stop or swerve, the instruction had then provided "and if *in so failing* you believe and find" etc. The precise question presented is whether the average men and women who compose our juries would reasonably believe from reading the entire instruction that even though they found and believed from the evidence that plaintiff, in the exercise of the highest degree of care, could not have swerved to the left and could not have stopped his automobile in time to have avoided the collision, they were authorized to find for defendant if they found and believed that plaintiff failed to exercise the highest degree of care in some other manner not referred to. In determining this question "jurors should be credited with common sense and discernment." Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449 [12].

As herein indicated, the instruction easily could have been worded to remove the present objection, but "instructions are not required to be drawn with such technical accuracy as to be free from hypercritical objections, but are sufficient if the jury can correctly understand therefrom the rules of law applicable." 1 Raymond, Missouri Instructions, § 68. Lewis v. Zagata, 350 Mo. 446, 453, 166 S.W.2d 541 [6]. When this instruction is read as a whole, as it must be read, Mueller v. Schien, supra [2], we are convinced that the jury would properly come to the conclusion that before it was authorized to return a verdict for defendant it would have to find and determine from the evidence that plaintiff was guilty of the specific negligence charged, that is, in failing to stop or swerve, that in so failing plaintiff did not exercise the highest degree of care and was thereby negligent, and that such negligence directly caused or contributed to his injuries. While the instruction is not as well worded as it might have been, it did not misdirect the jury.

Plaintiff also contends that the instruction is erroneous because it contains an abstract statement of law, but he concedes that if the instruction is not subject to the criticism made against it in the previous assignment, this court "would probably hold the error was not prejudicial." The abstract statement referred to is contained in the first paragraph of the instruction, not quoted herein, wherein it was in substance stated that plaintiff, as the operator of an automobile, was required by the law of this state to exercise the highest degree of care and any failure to do so constituted negligence. Generally speaking, while the use of an abstract statement of law in an instruction is not encouraged, it will not require reversal of a judgment where such statement is accompanied by a further call for a finding by the jury of all the facts required by law to justify a verdict. Burdoin v. Town of Trenton, 116 Mo. 358, 22 S.W. 728 [4]; Morris v. Alexander, Mo.App., 275 S.W.2d 373 [6]; Fuller v. Baxter, Mo.App., 284 S.W.2d 66 [8]. Such an instruction is reversibly erroneous only when it appears that the complaining party has been prejudiced or the jury could have been misled thereby. State ex rel. State Highway Commission v. Williams, Mo.App., 263 S.W.2d 444 [3]. Plaintiff has not demonstrated how he has been prejudiced in this case by the inclusion of an abstract statement of law, or why the instruction should be considered to be misleading for that reason.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.