Stephen **MIDDLEMAN**, Respondent,

v.

**COMPLETE AUTO TRANSIT, INC.,**
Appellant.

No. 55770.

Supreme Court of Missouri,
En Banc.

Nov. 13, 1972.

James E. Hullverson, Hullverson, Richardson & Hullverson, St. Louis, for respondent.

F. X. Cleary, Paul S. Brown, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for appellant.

STOCKARD, Commissioner.

Defendant has appealed from a judgment in the amount of $80,000 for personal injuries resulting from a collision between defendant's truck and plaintiff's Volkswagen bus. This appeal was pending in this court prior to January 1, 1972, and we retain jurisdiction to make final disposition of the case pursuant to par. 4, § 31, 1970 Amendment to Art. V, Constitution of Missouri, V.A.M.S.

Defendant's transport tractor-truck was being operated by Thomas Oliver eastward on Interstate Highway 70 in the middle lane of the three-lane highway at approximately 45 miles an hour. At the time it was raining, the truck was on a slight downgrade, and the highway curved a little to the right. Mr. Oliver applied the foot brakes of the truck to slow down. The truck then "jackknifed" and Mr. Oliver lost control, the truck hit the guardrail on the median, then straddled it and knocked down 120 feet of the railing and stopped with the front end of the tractor inside the lane for westbound traffic.

Plaintiff was operating his Volkswagen bus westwardly and a collision occurred between the tractor-trailer and the Volkswagen in the lane nearest the guardrail.

Defendant challenges Instruction No. 3 which was as follows:

Your verdict must be for plaintiff if you believe:

First, the driver of defendant's vehicle failed to apply brakes on the vehicle in such manner as to prevent it from jackknifing and sliding out of control, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence the plaintiff sustained damage.

Defendant contends this instruction was erroneous because it gave the jury a roving commission (a) "to determine the meaning of the phrase 'in such manner as to prevent it [the vehicle] from jackknifing and sliding out of control;'" (b) "to determine what kind of manner of application would prevent the vehicle from jackknifing and sliding out of control" and therefore "it failed to hypothesize the ultimate fact in issue and violated Civil Rule 70.01(e) [V.A.M.R.];" (c) a finding under the instruction "would have to be based on speculation, conjecture and surmise as to the appropriateness of the manner in which the brakes were applied or of the fact that whatever the manner of the application, it would have prevented a jackknifing and sliding out of control;" and (d) there was an available MAI such as

MAI 17.13, and for that reason Civil Rule 70.01(b) was violated.

We will first consider the last contention. Appellant argues that Civil Rule 70.-01(b) provides that whenever there is an MAI applicable in a particular case, such instruction shall be given to the exclusion of any other on the same subject, and that MAI 17.13, authorizing the submission that "defendant drove on the wrong side of the road," was applicable and therefore it was error to submit that defendant's truck operator failed ·to apply the brakes properly.

■ This case was tried before Friederich v. Chamberlain, Mo., 458 S.W.2d 360, which overruled Strickland v. Barker, Mo., 436 S.W.2d 37. In the Strickland case it was ruled that when a vehicle skidded out of control of the operator into the wrong lane of a highway the vehicle "was not 'driven' across the center line, and it was error to submit the case on that theory." In the pending case, the truck of defendant "jackknifed" and went out of control of the operator, and then crossed the median into collision with plaintiff's Volkswagen. Therefore, at the time of the trial of this case, under the then applicable rulings of this court, it would have been error to submit that defendant's driver "drove on the wrong side of the road." In the Friederich case this court overruled the Strickland case, and held that when a vehicle skids out of control of the operator and into the wrong side of the road, a "prima facie case is made," and the "burden of evidence then shifts to the operator of the skidding vehicle to excuse the presence of his vehicle on the wrong side of the road." In accordance with the then applicable law, plaintiff submitted as negligence the acts of the operator of the truck which he contended caused the truck to "jackknife" and go out of control. By reason of the rule of law in existence at the time of trial, MAI 17.13 was not then applicable within the meaning of Civil Rule 70.01(b), and we cannot now rule that at the time of trial it

was error for the court to fail to submit that defendant's driver drove on the wrong side of the road as the negligence relied on by plaintiff.

The first three reasons asserted by defendant in its challenge to Instruction No. 3 are related and may be considered together.

The instruction was supported by the evidence. Defendant's truck operator testified that when he sought to slow down the truck he applied the foot brake "in a normal way." The truck then began to "jackknife" or "fishtail," and the operator released the foot brake and turned his wheels to the right. The truck was equipped with hand-operated trailer brakes which were not applied. Plaintiff's evidence was to the effect that under the factual circumstances and conditions in which defendant's driver attempted to slow his tractor-trailer, the proper method to prevent the trailer from "jackknifing" would have been to first apply the trailer brakes, and then if a further reduction of speed was needed the brakes operated by the foot pedal should have been applied.

■ Civil Rule 70.01(e) provides that when an MAI must be modified, or when there is no applicable MAI so that an instruction not in MAI must be given, then such modification or such instruction "shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." In Instruction No. 3 the submission of the facts relied on as negligence was that the driver of defendant's tractor-trailer "failed to apply brakes on the vehicle in such manner as to prevent it from jackknifing and sliding out of control." We do not consider that this submission gave the jury a "roving commission" to determine the meaning of the phrase. The meaning is clear and the evidence supported a finding that the application of brakes was improper under the factual condition

shown by the evidence, and that there was available to the driver another method which would have prevented the "jackknifing" and losing of control.

■ Defendant asserts that the instruction should have required a finding that the driver failed to apply his trailer brakes before he applied his foot brake, that this caused a jackknife and that defendant thereby was negligent. Even if such an instruction would have been acceptable, a matter on which we are not called upon to decide, that does not mean that Instruction No. 3 was erroneous.

The only evidentiary issue tried and presented to the jury was whether the driver's failure to apply the trailer brakes first was negligent and whether it caused the collision. No divergent fact theories as to application of the brakes was presented. We hold that Instruction No. 3 was sufficient under Rule 71.01, V.A.M.R., to submit that issue and that it did not require a finding based on speculation, conjecture and surmise, as defendant contends.

Defendant next asserts prejudicial error resulted from the refusal of the trial court to give its requested Instruction B on contributory negligence as follows:

Your verdict must be for the defendant whether or not defendant was negligent if you believe:

First, plaintiff knew or by the exercise of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have swerved, but plaintiff failed to do so, and

Second, plaintiff's conduct in the respects submitted in Paragraph First, was negligent, and

Third, such negligence of plaintiff directly caused or directly contributed to

cause any damage plaintiff may have sustained.

■ The instruction follows MAI 17.04 and there is no challenge to form. The issue is whether there was evidence to support it, and in making that determination we consider the evidence, with permissible inferences, most favorable to the defendant and disregard contrary evidence. Schmidt v. Windish, Mo., 304 S.W.2d 891; Koogler v. Mound City Cab Company, Mo., 349 S.W.2d 233.

Highway 70 at the place of the collision is a six-lane highway with three lanes for eastbound traffic and three lanes for westbound traffic divided by a guardrail median. Defendant's tractor-trailer, while traveling eastward in the middle lane at a speed of 45 miles an hour, went out of control when the operator applied the brakes. The tractor straddled and tore down 120 feet of the guardrail. At the time of the collision, according to defendant's driver, the tractor-trailer was moving very slowly or was almost stopped. The Volkswagen bus being operated by plaintiff was traveling westward. Apparently because of retrograde amnesia, plaintiff could remember nothing concerning the accident or the location or speed of the Volkswagen. At the time of the collision, the tractor of defendant's vehicle was extending into the westbound lane nearest to the median guardrail, and the collision occurred in that lane. There is no evidence concerning the speed of the Volkswagen, or of its location except at the precise time of the collision. There is no evidence concerning the conditions of traffic in any of the three westbound lanes, and particularly whether there was any vehicle to the immediate right of the Volkswagen.

Appellant argues that based on average speed it took the tractor-trailer about four seconds to travel the 120 feet in which it was astraddle of and tearing down the guardrail, and that this would mean that

when the tractor-trailer first hit the guard-rail the Volkswagen was in point of time four seconds from the point of collision. Appellant contends that plaintiff then knew or in the exercise of the highest degree of care should have known of the reasonable likelihood of a collision, and in view of the testimony of plaintiff that the Volkswagen bus could safely be changed from one lane to another in a second or two, it may be inferred that he could have swerved a few feet and avoided the collision.

■ Contributory negligence is an affirmative defense, and an instruction submitting that defense must be supported by evidence. "On the issue of negligent failure to avoid the collision, the evidence must show that [the person charged with such negligence] ' "had the means and ability to have so acted that a collision would have been avoided." [Citing cases]. Having the means and ability to avoid a collision means not only the mechanical appliances, such as steering apparatus with which to swerve, signalling equipment with which to warn, or braking appliances with which to slow down or stop, but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged to take effective action in avoidance.' Zalle v. Underwood, Mo.Sup., 372 S.W.2d 98, 102 [1–3]." Cook v. Cox, Mo., 478 S.W.2d 678. (No. 55,828, Apr. 10, 1972).

■■ In this case there is no evidence as to the speed of the Volkswagen or its location prior to the collision, but more important, there is no evidence that after plaintiff knew or should have known there was a reasonable likelihood of a collision he could have swerved to the right. For all that is shown by the evidence there may have been a vehicle immediately to the right of the Volkswagen and parallel to it so that swerving to the right would have been impossible, and the evidence shows

that swerving to the left would have been either impossible or ineffective to avoid injury to plaintiff. The burden was on defendant to show that plaintiff could have swerved to avoid the collision, and the evidence fails in this respect. Therefore, the court correctly refused to give requested Instruction B.

Defendant's last contention is that the court erred in permitting plaintiff to amend his petition after the close of the evidence to conform to the proof that defendant's driver "fail[ed] to apply brakes on the vehicle in such manner as to prevent it from jackknifing and sliding out of control." Plaintiff's evidence on this issue included the testimony of an expert witness presented on rebuttal, which came in without an objection on the basis that it presented a new or different theory of negligence than that pleaded. Defendant then presented evidence on this issue on surrebuttal. At the close of all evidence the court announced that it intended to give Instruction No. 3, plaintiff's verdict directing instruction, which as previously set out submitted as negligence the improper application of brakes. At that time no objection was made, as far as shown by the record, on the basis that the negligence submitted was not pleaded. Subsequently, plaintiff submitted a memorandum by which he sought to amend his petition to conform with the evidence to insert therein the allegation that the driver of defendant's vehicle "failed to apply brakes on the vehicle in such manner as to prevent it from jackknifing and sliding out of control." It was at this time that defendant first objected for the reason now advanced, at least as far as is shown by the record.

■ Civil Rule 55.53, V.A.M.R., authorizes an amendment to pleadings by leave of court and provides that "leave shall be freely given when justice so re-

quires." Civil Rule 55.54, V.A.M.R., provides that issues not raised by the pleadings but tried by express or implied consent shall be treated in all respects as if they had been raised in the pleadings. An amendment of the pleadings to conform to the evidence and to raise these issues may be made at any time, even after judgment, but failure to amend does not affect the result of the trial of these issues. In this case, the issue submitted by Instruction No. 3 could possibly be considered to have been raised by the pleadings when the allegations are given a liberal construction, as is required. Zuber v. Clarkston Const. Co., 363 Mo. 352, 251 S.W.2d 52. However, in any event, the issue was tried by implied consent, and was supported by evidence not objected to on the basis that the issue was outside the pleadings. In these circumstances the trial court did not abuse its discretion in permitting the amendment to the petition. Gathright v. Pendegraft, Mo., 433 S.W.2d 299, 305.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is modified on the Court's own motion and as modified is adopted as the Opinion of the Court en Banc.

FINCH, C. J., and SEILER, MORGAN, HOLMAN, BARDGETT and HENLEY, JJ., concur.

DONNELLY, J., dissents in separate dissenting opinion filed.

DONNELLY, Judge (dissenting).

I believe prejudicial error resulted from the refusal of the trial court to give Instruction B.

I respectfully dissent.