Thomas Lee TRIPLETT and Jean Marie Triplett, Appellants,

v.

Jackie SHAFER, Defendant,

and

Donald Waits and James K. Waits, Respondents.

No. 22492.

Kansas City Court of Appeals.

Missouri.

March 4, 1957.

---

Herbert S. Brown, Trenton, Merrill E. Montgomery and Arthur D. Campbell, Milan, for appellants.

Ronald L. Somerville, Chillicothe, for respondents.

SPERRY, Commissioner.

Thomas Lee Triplett and Jean Marie Triplett, plaintiffs, sued Jackie Shafer and Donald and James K. Waits for damages caused by the death of their son, six year old Jerry Allen Triplett, who was killed when he was struck by a truck owned by James K. Waits and operated by Jackie Shafer.

Trial was had to a jury and, at the conclusion of plaintiffs' evidence, the court dismissed as to defendants James K. and Donald Waits. There was a verdict and judgment in the amount of $3,045, against Jackie Shafer, who did not appeal. However, plaintiffs have appealed as to defendants Waits, claiming error based on the court's action in dismissing as to them. We are, therefore, required to review the evidence, as to them.

The facts are not in dispute since defendants, Waits, offered no evidence.

James K. Waits owned a 1953, one-half ton Studebaker truck which on the evening of June 5, 1953, was driven to the Alpha Baptist Church, located near Laredo and near Waits farm home, by Donald Waits, the minor son of James,

with the latter's permission. Donald arrived at the church at about 7:30 p. m., and parked the truck in the church yard, in a parking area provided by the church and generally used by those attending services there. The truck was parked facing west, with the ignition key turned off but left in the switch. The emergency brake was not set but the truck was placed in reverse gear. The ground sloped to the west at this point.

Many people were attending church upon this occasion and a large number of small children were present. After services were concluded and refreshments were served, Jackie Shafer, William Burch, his sister, Barbara, and Twila Williams went to the car of the latter's father, got in it and sat for a time, talking. Jackie was 16 years of age and his companions were of about the same age. While they were thus talking they saw Jimmie Shafer (Jackie's brother) and Donald Waits leave the church in the Shafer family car. One of the young people said he wondered if Donald took the keys to the Waits' truck, whereupon Jackie and William raced to the truck, followed by the two girls. Jackie got in under the steering wheel. William sat beside him in the seat, with the two girls to his right. William said that he turned on the lights. Jackie put his foot on the clutch and pressed down. The starter is located under the clutch and is operated by pressing down on the clutch. However, the motor was not started but, when the clutch was disengaged, the truck rolled slowly forward about ten feet, down the slope, striking and fatally injuring Jerry Triplett. The truck was stopped immediately after Jerry was struck but he died of his injuries within a very short while thereafter.

There was a lighted electric lamp in front of the church, over the porch. Thirty or forty small children were playing on and around the porch, and in the area in front of the parked truck, but the latter area was not well lighted because of its distance from the church porch. None of

the occupants of the truck saw Jerry before he was struck.

The truck was equipped with a brake the purpose of which was to hold the truck and keep it from being moved without first releasing the brake. However, the truck would not move forward, down the grade, so long as the reverse clutch was engaged. That was a method of parking it and rendering it immovable. The truck had remained stationary for about one and one half hours, after being parked, before Jackie Shafer released the clutch. William Burch stated that the young people who got into the truck, including Shafer, intended to drive the truck somewhere. There was no evidence to the effect that any of them had permission from any one to drive the truck, or that they had ever driven this truck or other motor vehicles, the property of others, from the church on previous occasions, or that it was the custom or practice for any young people to sit in, tamper with, or otherwise use or occupy vehicles parked at the church, except that sometimes young people would sit in their parents' vehicles and listen to the radio and talk.

It is plaintiffs' theory and contention that Donald Waits was negligent in having parked the truck, on a slope, without having set the brake in an "on" position and without removing the keys from the ignition switch. This contention is based on the theory that it was known to those attending this church, including Donald Waits, that small children habitually play in and around the parking area and that it was the custom and practice for various young people to drive and use various cars, the property of friends, without previously asking for or being given permission to do so, and that Donald should have anticipated that Shafer, or some other person, would likely attempt to move said truck either intentionally or accidentally, or that children might accidentally set it in motion, and that small children or others might thereby be injured.

■ The trial court, in dismissing as to the Waits, stated that there was no evidence tending to show that they knew or should have known or should have anticipated that a responsible adult person would intentionally disengage the gear and move the truck without permission. With that view of the evidence we agree.

■ Plaintiffs cite and rely on a number of decisions of foreign jurisdiction, but only two Missouri decisions are cited by them. One of those, Zuber v. Clarkson Construction Company, 363 Mo. 352, 251 S.W.2d 52, is also relied on by defendants. If the law, as declared in that decision, is applicable to the facts in this case, and is the latest pronouncement of the Supreme Court on the subject, then this court will follow it. Decisions by the courts of other states, in cases wherein the facts are similar, may be persuasive but they are not controlling.

The facts in that case were pleaded as follows: Defendant was engaged in constructing a levee on the Missouri River and owned and operated large diesel motor-driven earth moving tractors and trailers, known as Carry-alls. When these machines were not being operated they were left unattended, parked on the levee or some public place adjacent thereto, in gear, ignition unlocked, fuel in the tank, brakes off, ready to be easily put in operation. Each evening crowds of curious adult persons gathered around defendant's machinery and some of such persons started and operated them, driving them up and down the levee to demonstrate how they worked. This was the usual and customary proceeding each evening. It was further alleged that defendant knew, "or by *the exercise of ordinary care could and should have known,*" prior to the date of the accident, of such operation of the machinery by members of the public, and of the dangers incident thereto; that, at about 4:30 p. m., plaintiffs' decedent and an adult male companion were attracted to the machines and, while decedent stood near a

carry-all, his companion started it and negligently drove it over decedent, killing him.

The trial court sustained defendant's motion to dismiss the petition for failure to state a cause of action.

The Supreme Court held that a cause of action in negligence was pleaded, saying that negligence may depend upon the surrounding circumstances in each case, that what may constitute negligence in some circumstances may not do so in other circumstances or surroundings; that one responsible for a dangerous instrumentality which is likely to cause injury to others rightfully in its proximity is charged with taking precautions to avoid injury to such persons; but if the instrumentality is rendered dangerous *by the act of a third person which act the owner had no reason to anticipate* he should not be held liable; that a negligent act is one which creates a situation which involves an unreasonable risk to another because of the *expectable* action of a third person.

The court held that, since it was alleged that defendant *knew* of the customary practice of unauthorized adults operating the machinery, a cause of action was stated; but the court held [363 Mo. 352, 251 S.W.2d 56] that the clause "or by the exercise of ordinary care could and should have known" was insufficient to state a cause of action, and held such clause to be surplusage.

It was said that the machines being fueled up, ignition unlocked, brakes unset, were not especially dangerous "if no human agency intervened," but were potentially dangerous if started in operation by a reckless person or an unskilled intermeddler; that if defendant had *knowledge* intermeddlers were making a practice of starting and operating them, it had reason to anticipate or foresee that other such intermeddlers would start them and cause injury to some one.

■ According to all of the evidence, the accident here involved could not have happened but for the unauthorized act of Jackie Shafer in assuming to operate the truck, an act which was not reasonably foreseeable and could not have been reasonably anticipated. Under the law, as declared in the Zuber case, supra, plaintiffs failed to make a case against James K. or Donald Waits.

The St. Louis Court of Appeals has given the Zuber case a construction similar to that which we have given it. Gower v. Lamb, Mo.App., 282 S.W.2d 867.

Donald Waits was not negligent in having parked the truck in reverse gear without having set the emergency brake. The evidence was to the effect that reverse gear would hold the truck as effectively as would the brake, that it would hold until released by a third person's intervention. See Humble Oil Refining Company v. Martin, 148 Tex. 175, 222 S.W.2d 995, 1001; Kayser v. Jungbauer, 217 Minn. 140, 14 N.W.2d 337, 339 et seq.

■ Plaintiffs cite 60 C.J.S., Motor Vehicles, § 334, p. 778. It is authority for the rule that one who leaves a motor vehicle unattended after taking proper precaution against its starting or moving it is not liable for damages resulting from interference by a third person unless he could have reasonably anticipated such interference by such an unauthorized person. That rule is in harmony with the ruling of the court in the Zuber case, supra. Nothing in this record indicates the Donald Waits had any reason to anticipate that any one, without permission, would sit in or intentionally operate the truck at the church. This is not a case where the truck was started in motion by a child or children, hence it is not necessary for us to discuss what the law may be in such cases.

The only Missouri decision cited by plaintiffs, other than the Zuber case, is that of Vaughn v. Meier, Mo., 246 S.W. 279. There defendant's automobile was left

**532**

parked in such a negligent manner as to be set in motion by the vibration caused by a passing fire truck. Defendant was negligent in that he might reasonably have foreseen that heavy vehicles would pass and that vibration might set the automobile in motion if it were not secured so as to prevent such an eventuality. That decision is in harmony with the general rule that there can be no recovery for negligence, even if defendant were negligent in some manner, "unless such negligence is the proximate cause of the injury. * * * [The] plaintiff must show a causal connection between the negligence pleaded * * * and the injury. * * *." Donnelly v. Goforth, Mo., 284 S.W.2d 462, 466; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872, 876; 45 C.J. 931, Section 491, 65 C.J.S., Negligence, § 111.

The most that can be said here is that Donald Waits, by parking the truck on a hillside in reverse gear, created a condition which may have given rise to the occasion by which the casualty was made possible; but there was an independent, intervening cause of the casualty except for which it could not have occurred, and which was not reasonably foreseeable.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

BROADDUS, P. J., and CAVE, J., concur.

DEW, J., not participating.