[Civ. No. 19520. First Dist., Div. Two. Mar. 23, 1961.]

BERNICE R. AZCONA et al., Appellants, v. VICTOR VERNON TIBBS, as County Sheriff, etc., et al., Respondents.

Jack Miller and Brandt Nicholson for Appellants.

Hoge, Fenton, Jones & Appel and Robert O. Angle for Respondents.

SHOEMAKER, J.—This is an appeal by plaintiffs from a judgment of dismissal entered upon the sustaining of a demurrer without leave to amend interposed by defendants to plaintiffs' first amended complaint.

 Plaintiffs, the surviving wife and children, brought this action against Sheriff Tibbs of Monterey County and his deputy Ward, to recover damages for the wrongful death of Alfred M. Azcona. The complaint is cast in three counts, one based on the Public Officer's Liability Act (Gov. Code, § 1953), one based on negligence alleged with particularity, and the last based on negligence alleged generally. The parties agree that the particularly alleged facts give the complete story and the foundation for the several causes of action alleged; that portion of the complaint is as follows:

"1. On November 17, 1958, three (3) prisoners, Moore, Banalez and Sato, of the California State Prison at Soledad, California, were delivered to the custody of defendant Tibbs by said prison;

"2. On November 18, 1958, said prisoners were brought to the courtroom of Department 2 of the Superior Court of said County for arraignment, still in the custody of defendant Tibbs, and more specifically, in the physical custody of defendant Ward, Bailiff of said Court, to whom defendant Tibbs had previously delegated the duty of maintaining and securing said prisoners' custody;

"3. To enable said prisoners to confer privately with their court-appointed attorney defendant Ward left them unguarded with their attorney in the jury room adjacent to said courtroom with the door closed, which said jury room was located on the third floor of the building, and had unbarred windows. While in said jury room said prisoners overpowered their attorney with the aid of a knife possessed by one of them, through the negligence of said defendant Ward in failing to adequately inspect said prisoners or otherwise to guard against such possession, and escaped through a window negligently left unlocked, to the street below by means of an electric cord negligently left in said jury room;

"4. Within approximately two hours of their escape from said jury room, two of the aforesaid prisoners, Moore and

Sato, commandeered the automobile of the deceased Alfred M. Azcona in King City, California, and forced him to drive them off; and during the course of their drive, one of said prisoners took control of the automobile from said deceased and, driving the car at an excessive rate of speed, caused it to run off the road and crash;

"5. In the course of the aforesaid crash, said deceased was injured, and, within approximately three hours, died as a direct and proximate result of said crash and, thereby, as a direct and proximate result of the failure of defendants Tibbs and Ward to exercise due care, as aforesaid."

The demurrer to each count was both general and special. However, the appellants argue their position solely on the propriety of the general demurrer, so the only question involved on this appeal is whether the appellants have stated facts sufficient to constitute a cause of action.

It is clear from a consideration of the factual basis of this action that the answer to our question lies in a determination of whether or not the conduct of the defendants was a proximate cause of the death of Alfred Azcona.

▮▮ General tort law provides that an injured person cannot recover for damages caused him unless the negligent conduct upon which he bases his claim is a proximate cause of the damage of which he complains; in actions under Government Code, section 1953, the statute specifically provides there can be no liability on the part of the officer unless "(a) The injury sustained was the direct and proximate result of such defective or dangerous condition." ▮▮ Ordinarily proximate cause is a question of fact, but where, as here, the facts are undisputed, and only one conclusion may be drawn from them, it becomes one of law. (*Rosa* v. *Pacific Gas & Elec. Co.* (1955), 133 Cal.App.2d 672, 674 [284 P.2d 844]; *Gallichotte* v. *California Mut. etc. Assn.* (1935), 4 Cal.App.2d 503, 509 [41 P.2d 349].) ▮▮ It is clear that an original act of negligence is not a proximate cause when the injury directly results from the intervening act of another, which is an act not to be reasonably anticipated by the first party as likely to occur and follow through from his own act. (*Arthur* v. *Santa Monica Dairy Co.* (1960), 183 Cal.App.2d 483, 488 [6 Cal.Rptr. 808]; *Stasulat* v. *Pacific Gas & Elec. Co.* (1937), 8 Cal.2d 631, 637 [67 P.2d 678].) ▮▮ The case of *Richards* v. *Stanley* (1954), 43 Cal.2d 60, 65 [271 P.2d 23], which considered the question of foreseeability for determining the question of duty, pro-

vides an excellent analogy. There the original act of negligence consisted of leaving the ignition key in an unlocked and unattended car; the risk created was car theft, but the court held it was not reasonable to require the owner to foresee that the criminal would drive negligently unless there was some basis to anticipate that the criminal was an incompetent driver. ██ Here, it can be said there was a foreseeable risk of further criminal acts but not that the criminals would drive incompetently. Two recent Louisiana cases point out the differences in the risks to be anticipated. In *Green* v. *State* (La.App., 1956), 91 So.2d 153, 155, where an inmate of a state reformatory escaped, stole an automobile, and while driving the car during the escape injured the plaintiff, the court held there was no proximate cause because the negligent operation of the automobile was not reasonably foreseeable. In *Webb* v. *State of Louisiana* (La. App., 1956), 91 So.2d 156, 163, where an escaped prisoner shot a woman with a gun obtained while in prison, the court distinguished this from the Green situation, holding that injury of this latter type caused by escaped convicts was clearly foreseeable. We are satisfied that negligent operation of the car was not a foreseeable risk and therefore proximate cause could not be established under the facts pleaded.

██ It should be noted that subsection (a) of Government Code, section 1953, imposes a more rigid requirement; the injury must be the *direct* as well as proximate result of the condition. In construing this section, *Hinton* v. *State of California* (1954), 124 Cal.App.2d 622, 626 [269 P.2d 154], held the use of this word increased the plaintiff's burden. The court defined direct cause therein as " 'the active, efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source,' . . . .'' ██ In our opinion, the incompetent driving by the escaping prisoners was definitely an intervening cause which prevents the sheriff's negligence, if any, from being a direct cause, and for that additional reason appellants have not met the requirements of stating a cause of action under the act.

██ Since the existence of duty depends upon the foreseeability of the risk (*Richards* v. *Stanley, supra,* at p. 66; *Holder* v. *Reber* (1956), 146 Cal.App.2d 557, 560 [304 P.2d 204]), and there was no reason for the sheriff to foresee injury resulting from the escapees' negligent operation of a

**430**

vehicle (*Green* v. *State, supra,* at p. 155 [discussing the question of duty apart from that of proximate cause]), the appellants fail to state a cause of action against respondents by their count which alleges negligence with particularity.

The count alleging negligence generally, which is obviously based on the same facts, must also fail. (*Orloff* v. *Metropolitan Trust Co.* (1941), 17 Cal.2d 484, 489 [110 P.2d 396].)

In view of our conclusions, it is unnecessary to discuss other points made by the parties. The order sustaining the demurrer was correct.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 16, 1961.