[Civ. No. 6946. Fourth Dist. May 24, 1963.]

RUSSELL THORNTON BROOKER et al., Plaintiffs and Appellants, v. EL ENCINO COMPANY, Defendant and Respondent.

Jones & Hatfield, Ray Levy and Eliot E. Paddock for Plaintiffs and Appellants.

Gray, Cary, Ames & Frye for Defendant and Respondent.

GRIFFIN, P. J.—Plaintiffs appeal from a judgment entered after an order for summary judgment was granted by the trial court against each of the plaintiffs-appellants herein and in favor of the defendant-respondent El Encino Company, a corporation doing business as The Four Winds Restaurant. Basically, the respondent's motion was in the na-

ture of a demurrer, but because there were allegations of agency between defendant Four Winds and the other defendants in the action, defendant Four Winds filed an affidavit negating agency, which affidavit was not controverted by the appellants. After the agency allegations were removed by this method, the court held, as a matter of law, that the complaint did not state a cause of action against defendant Four Winds.

Generally, the complaint alleges that on the evening of September 10, 1960, defendant Emmet D. Hurley, Jr. drove his 1959 Thunderbird automobile to The Four Winds Restaurant where it was parked by one of respondent's employees in respondent's parking lot. There the Thunderbird was left unlocked, unattended and with the keys in the ignition. Subsequently, defendant Peter G. Klick stole the car from the restaurant parking lot without hindrance by respondent's employees and drove it north on Highway 395 where he crashed into plaintiffs' car and injured plaintiffs while attempting to evade the police.

Appellants recognize that the case which is most harmful to their contentions is that of *Richards* v. *Stanley,* 43 Cal.2d 60 [271 P.2d 23]. In that case, a divided court held that an owner who left her car parked on a public street unattended and unlocked, with the ignition key in the car, could not be held to be negligent. The court noted that if the owner could be shown to have been negligent under the facts (specific reference was made to leaving a car near a school where one might reasonably foresee that irresponsible children would tamper with it; see Rest., Torts, § 302, illus. 7) the owner might be liable.

Appellants argue that here the causation between the negligence of the employee of respondent Four Winds and the injury is direct, because it is foreseeable that a thief may attempt to evade the police. Appellants also cite *Richardson* v. *Ham,* 44 Cal.2d 772, 777 [285 P.2d 269], which involved the theft of an unattended, unlocked bulldozer, and *Gallick* v. *Baltimore & Ohio Ry. Co.,* 372 U.S. 108 [83 S.Ct. 659, 9 L.Ed. 2d 618]. Reliance is also placed upon *Azcona* v. *Tibbs,* 190 Cal.App.2d 425, 428 [12 Cal.Rptr. 232]. There, the sheriff negligently permitted prisoners to escape. The prisoners stole a car and while operating it killed the plaintiff's husband. The court held that the sheriff was not liable, but remarked that if an escaping prisoner shot a person with a gun obtained while in prison, the jailer might be held liable. In

the latter situation, the injury was of a type caused by the escape and traceable directly to the jailer's negligence. Appellants also argue that the holding of the *Richards* case should be limited strictly to the facts of that case, in view of the social problem presented by the incidents of automobile thefts.

Appellants do not cite *Murray* v. *Wright*, 166 Cal.App.2d 589 [333 P.2d 111]. In that case, the owner of the used car lot left cars unattended, with keys in the ignition. A car was stolen from the lot, and the thief collided with the plaintiffs while driving it. There does not seem to have been any allegation that he was attempting to escape from the police at the time of the accident. The appellate court held that the complaint stated a cause of action, since there were allegations that the respondent left the keys in the ignition of the cars in order to encourage the public to enter the lot and examine and operate the vehicles, and the owner did so without regard to the fitness or competency of the general public to so operate the vehicles.

Respondent urges that *Richards* v. *Stanley, supra,* 43 Cal. 2d 60, is not distinguishable on its face from the present case. It is argued that the fact that the respondent Four Winds was the bailee rather than the owner of the car does not affect the situation, nor does the fact that the car was parked upon a private lot rather than a public street. ▮ Respondent points out that the case of *Richardson* v. *Ham, supra,* 44 Cal.2d 772, involved a bulldozer which, unlike an automobile, attracts spectators, and is a far more dangerous mechanism, in that very few intermeddlers would have any experience with its proper operation.

It cannot be well said that a Thunderbird automobile, parked under the conditions here indicated, was an attractive nuisance or met this test. (*Roach* v. *Dozier*, 97 Ga.App. 568 [103 S.E.2d 691].)

▮ It is an elementary principle that an indispensable factor to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member. (*Routh* v. *Quinn*, 20 Cal.2d 488, 491 [127 P.2d 1, 149 A.L.R. 215].) Respondent cites many cases from other jurisdictions which have held that an owner leaving keys in the ignition is not liable to the person injured by the negligently operated automobile by a thief, particularly where there was no statute forbidding it. These cases seem to be chiefly taken from the

extensive annotation on the question, contained in 51 American Law Reports 2d 633. In addition, there are such cases as *Hersh* v. *Miller,* 169 Neb. 517 [99 N.W.2d 878], where the general rule is stated to be that a party is only answerable for the natural, probable, reasonable, and proximate consequences of his acts, and where some new efficient cause, not set in motion by him, and not concerned with but independent of his acts and not flowing therefrom, and not reasonable in the nature of things to be contemplated or foreseen by him, intervened and produced injury, it is the "dominant cause," and that the causal connection is broken if between defendant's negligent act and the plaintiff's injury there has intervened the negligence of a third person who had full control of the situation and whose negligence was such as defendant was not bound to anticipate and could not be said to have contemplated, where later negligence resulted directly in injury to plaintiff. See also *Bennett* v. *Arctic Insulation,* 253 F.2d 652, which cited *Richards* v. *Stanley, supra,* 43 Cal.2d 60. See also *Stanko* v. *Zilien,* 33 Ill.App.2d 364 [179 N.E.2d 436], where the question of flight from the police was involved. It held that there was no liability of the owner of the car.

The risk that the thief might drive negligently or recklessly to avoid apprehension was a risk also present in *Richards* v. *Stanley, supra,* 43 Cal.2d 60. That risk was neither more nor less foreseeable to the defendant there than it was to respondent Four Winds in the instant case.

 It appears to us that an indispensable factor of liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured or to the class of which he is a member, and that the duty of care owing to plaintiffs in this negligence action is a question of law and not one of fact. (*Hatch* v. *Ford Motor Co.,* 163 Cal. App.2d 393, 397 [329 P.2d 605]; *Azcona* v. *Tibbs, supra,* 190 Cal.App.2d 425, 428.)

 The trial court correctly ruled that plaintiffs' complaint failed to state facts sufficient to establish that respondent Four Winds owed any duty of care to plaintiffs not to leave defendant Hurley's automobile on its private parking lot unattended with the keys in the ignition. As stated in 60 Corpus Juris Secundum, Motor Vehicles, section 334b, at page 778:

"In the absence of any unusual circumstances or governmental regulation, one who leaves his motor vehicle un-

attended in a public place after taking proper precautions against its starting of its own accord is not under a further duty to make it impossible for the vehicle to be started through human interference.''

The cases indicate that there are three factors which could change or distinguish the rule of *Richards* v. *Stanley, supra,* 43 Cal.2d 60. Those are: (1) an applicable statute or ordinance; (2) a special relationship between or among the parties; or (3) special circumstances affecting the foreseeability of negligent operation by the intermeddler or the harm caused thereby. That this is the law in California seems to be established in the case of *Richards* v. *Stanley, supra,* 43 Cal.2d 60. The rule just stated is fully applicable to the facts in the instant case, even though here the alleged wrongdoer was a bailee and not the owner, and the place of parking was a private parking lot and not a public street. (*Howard* v. *Swagart,* 161 F.2d 651.)

Judgment affirmed.

Coughlin, J., and Brown (G.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 20, 1963. Peters, J., Tobriner, J., and Peek, J., were of the opinion that the petition should be granted.