Linda Sue DIX, etc., et al.,
Plaintiffs-Appellants,

v.

MOTOR MARKET, INC., a corp., et al.,
Defendants-Respondents.

No. 36978.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 13, 1976.

Motion for Rehearing or Transfer
Denied Aug. 18, 1976.

Application to Transfer Denied
Oct. 12, 1976.

Arthur H. Slonim, St. Louis, for plaintiffs-appellants.

Evans & Dixon and Ralph C. Kleinschmidt, A. G. Holtkamp, Holtkamp & Beckemeier, E. Thomas Liese, St. Louis, for defendants-respondents.

DOWD, Judge.

An auto is stolen from a parking garage where the keys were left in the ignition, and the thief being chased by the police collided with an auto operated by plaintiffs' decedent. Plaintiffs sue the person leaving the auto in the parking garage, his employer, and the operator of the parking garage.

Plaintiffs appeal the trial court's dismissal of their wrongful death petition for failure to state a claim upon which relief may be granted. We affirm.

In considering the sufficiency of a petition on a motion to dismiss, we give the averments a liberal construction and accord the petition those reasonable inferences fairly deducible from the facts stated. *Scheibel v. Hillis*, 531 S.W.2d 285, 289 (Mo. Banc 1976).

The petition alleges the following: On August 10, 1973, defendant Thomas Kletzker, an employee of defendant Central Apex Engraving Co., parked a 1973 Cadillac in defendant Motor Market's parking garage. Kletzker left the keys in the ignition, failed to lock the auto doors, and left the auto in an open, exposed and readily accessible place.

The petition further alleges that both Kletzker and Motor Market should have known that the theft of the Cadillac was a realizable likelihood. Kletzker knew or should have known—and Motor Market did know—that other autos had recently and frequently been stolen from the parking garage and from the vicinity.

Motor Market is charged with negligently and carelessly (1) failing to warn its customers to remove the keys from the ignition and to lock the doors of the auto; (2) failing to remove the auto keys from the Cadillac's ignition; (3) parking or permitting the parking of the auto in an open, exposed, and readily accessible place; and (4) failing otherwise to provide reasonable safeguards against the theft of the Cadillac.

It is further alleged that defendants knew or should have known that because of their negligence a thief or an unauthorized person would take the auto and operate it in an unlawful, negligent, and careless manner, by fleeing from pursuing law officers and thus endanger other motorists.

Plaintiffs are the widow and four children of the decedent, who was killed on August 11, 1973, when the auto he was driving was struck by the stolen Cadillac negligently driven by a thief. The thief, who had stolen the Cadillac the day before from Motor Market's garage, was fleeing from the police when the accident occurred. It is alleged that the decedent's death was the direct and proximate result of the carelessness, negligence, and recklessness of the defendants.

The defendants moved to dismiss the petition. Defendant Kletzker filed an affidavit in support of his motion to dismiss. In the affidavit Kletzker admitted parking the car at the garage, but he stated he was required to leave the keys with Motor Market's agent as a condition precedent to the agreement between he and Motor Market, whereby Kletzker promised to pay money for the privilege of parking his auto in Motor Market's garage.

The trial court dismissed the petition for failure to state a claim upon which relief may be granted.

The issue in this case is whether a motorist who left the keys in the ignition of his parked auto, and a parking garage proprietor who neglected both to remove the keys from the auto's ignition and to otherwise safeguard against auto thefts, can be liable for a death caused by a thief who stole the car and negligently operated it when the defendants knew or should have known of recent auto thefts from the garage and the vicinity. This subject has been exhaustively annotated at 45 A.L.R.3d 787 (1972).[1]

The only Missouri case relative to the issue here is *Gower v. Lamb*, 282 S.W.2d 867 (Mo.App.1955).[2] In that case the defendant parked his car on a St. Louis street with the key in the ignition. A thief stole the car and drove it a block before colliding with and causing damage to the plaintiff's parked auto. The trial court sustained defendant's motion for judgment and on an agreed stipulation of facts.

The plaintiff relied chiefly on the fact that defendant had violated Section 304.150 RSMo 1949,[3] and contended that the violation constituted negligence per se. The court found this theory untenable because of the exclusionary clause contained at the very end of the statute.

But the *Gower* court also treated the case as an attempt to plead and prove common law negligence. Relying principally on the language contained in *Zuber v. Clarkson Construction Co.*, 363 Mo. 352, 261 S.W.2d 52 (Mo.1952),[4] the court affirmed the trial court's ruling and concluded (at 871–72):

"In the case at bar the defendant's car was not placed in operation by a curious

1. See also Note, 21 Buffalo Law Review 266 (1972).

2. See case notes at 25 U.K.C.L.Rev. 58 (1956); 21 Mo. footnotes L.Rev. 197 (1956).

3. Section 304.150 RSMo 1969:
 "No person shall leave a motor vehicle unattended on the highway without first stopping the motor and cutting off the electric current, and no person shall leave a motor vehicle, except a commercial motor vehicle, unattended on the highway of any city having a population of more than seventy-five thousand unless the mechanism, starting device or ignition of such motor vehicle shall be locked. The failure to lock such motor vehicle shall not mitigate the offense of stealing the same, nor shall such failure be used to defeat a recovery in any civil action for the theft of such motor vehicle, or the insurance thereon, *or have any other bearing in any civil action.*" (Emphasis added).
 The penalty for violation of this statute is contained in § 304.570 RSMo 1969.

4. The court in *Zuber* reversed the trial court's dismissal of the case for failure to state a claim upon which relief could be granted and ordered that the question of the defendant-owner's liability be tried. However, this holding was based upon the peculiar circumstances of the case. The vehicle owned by the defendant was a large, earth-moving tractor referred to as a carry-all, which was consistently stored overnight on the Missouri River levee or in another open and public place. The machine was stored in gear with switches and ignition unlocked, with its self-starter ready to operate. In addition, the plaintiff asserted that curious adults operated and moved the defendant's carry-all customarily each evening. The plaintiffs' decedent had been crushed by defendant's carry-all when an acquaintance of decedent experimented with the machine.

The court found under these particular facts that the carry-all was a potentially dangerous machine especially when left in a public place without operative brakes, fueled up, in gear, in an operative condition where nightly it had been operated by intermeddlers. The court also noted that an intermeddler would probably be unskilled in the operation of this potentially dangerous carry-all which when so operated "would (and did) become a monstrous instrumentality of destruction."

It is clear that the facts in *Zuber* are readily distinguishable from the facts alleged here.

Also see *Triplett v. Shafer*, 300 S.W.2d 528 (Mo.App.1957).

intermeddler, but by a thief. While under certain circumstances even this intervening act might be expectable . . . yet the criminal nature of the act certainly lessens its realizable likelihood and requires that the evidence of foreseeability of the theft be clear and convincing. Following the holding in the *Zuber* case, we believe that the defendant was under no duty to discover the presence of a thief or thieves in the vicinity where he parked his car, and that there was no fact stipulated which pointed to actual knowledge by defendant of the presence of a thief or thieves in the vicinity. We hold that as a matter of law plaintiff failed to adduce sufficient evidence of negligence or of proximate causation to make a submissible case."

The Court in *Gower* concluded that plaintiff had not proved the foreseeability of the theft. Thus, the court did not specifically reach the issue here of whether, under common law negligence, plaintiffs state a claim upon which relief can be granted by alleging facts as to foreseeability of the theft and the foreseeability that the thief would operate the stolen auto negligently.

■ Likewise, it is interesting to note that the legislature by Section 304.150 made it a misdemeanor to leave keys in a motor vehicle unattended on a highway but provided that a violation of this statute could not be used in any way in any civil action. This clearly shows that it was the legislative intent to prevent thefts but not make it a basis for any civil action predicated on a violation of this statute. Said another way, the legislature saw fit not to make a violation of this statute negligence per se.

Circumstances similar to those of our case have long troubled courts throughout the nation. See the many cases included at 45 A.L.R.3d 787 (1972). A clear majority of the jurisdictions have decided that it was not reasonably foreseeable that an intermeddler would both take the auto and then negligently operate it. No liability

was found in these cases even though there sometimes was an ordinance or statute prohibiting leaving an unlocked car on a public way with the key in the ignition or with an open ignition switch. Some of these cases found no duty of the car owner to the injured plaintiff, while others found as a matter of law no proximate cause. Some courts combined both the duty and proximate cause concepts to find no liability. See, e. g., *Hill v. Yaskin,* 138 N.J.Super. 264, 350 A.2d 514 (App.Div.1976); *Richards v. Stanley,* 43 Cal.2d 60, 271 P.2d 23 (banc 1954).

But a minority of jurisdictions have held that these circumstances present at least jury questions as to duty, negligence and proximate cause. See, e. g., *Zinck v. Whelan,*[5] 120 N.J.Super. 432, 294 A.2d 727 (App. Div.1972); *Davis v. Thornton,* 384 Mich. 138, 180 N.W.2d 11 (banc 1970). These courts have utilized developing crime statistics pertaining to auto thefts and accidents involving stolen cars.

The defendants contend that the trial court in this case correctly held as a matter of law that the petition failed to state a claim upon which relief may be granted. Defendants on appeal urge (1) defendants were under no duty to protect plaintiff from the unforeseeable actions of a thief; (2) the defendants could not reasonably have foreseen the thief's negligent operation of the stolen auto; and (3) the thief's subsequent negligent operation of the car was the independent intervening cause of plaintiff's injury. We agree with defendants.

■ These concepts of duty, negligence, proximate cause and independent intervening cause all depend essentially on the issue whether it was reasonably foreseeable on the part of the defendants that an auto with the keys in the ignition would be stolen and operated negligently by a thief. Having reviewed the contents of the petition, plus the applicable case law both in

---

**5.** We note that divisions of the New Jersey intermediate court of appeals have reached opposite results in *Zinck* and *Hill v. Yaskin,* supra. The New Jersey Supreme Court has not yet treated this issue.

Missouri and other jurisdictions, we have concluded that the trial court correctly dismissed the petition for failure to state a claim upon which relief may be granted.

■ Three elements are necessary for a case of actionable negligence: (1) there must exist a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) the defendant must fail to perform that duty; and (3) the injury to the plaintiff must proximately result from such failure. *Nichols v. Blake,* 418 S.W.2d 188[5] (Mo.1967). If a reasonable man could not find that under the circumstances all three elements are present, then the trial court correctly dismissed the petition for failure to state a claim upon which relief may be granted.

■ The element with which we are here concerned is the scope of the duty owed by the defendants. Before an act is said to be negligent, there must exist a duty to the individual complaining, the observance of which would have averted or avoided the injury. *Vanacek v. St. Louis Public Service Co.,* 358 S.W.2d 808[5] (Mo. banc 1962), cert. denied, 371 U.S. 920, 83 S.Ct. 287, 9 L.Ed.2d 229 (1962). Before liability may be imposed for an act, the prevision of a reasonable person must be able to recognize a danger of harm to the plaintiff or one in the plaintiff's situation. The injury to the plaintiff must have been reasonably foreseeable. *Hodges v. American Bakeries Co.,* 412 S.W.2d 157[3] (Mo. banc 1967). And one is not required to foresee every possible injury which might occur. *Schlegel v. Knoll,* 427 S.W.2d 480[9] (Mo.1968).

■ Our conclusion that the trial court did not err in dismissing the petition is supported by the great weight of authority in other jurisdictions holding that as a matter of law the duty of one who leaves his keys in an unattended auto does not extend to a plaintiff injured in an accident with the thief driving the stolen auto. Jus-

tice Traynor's well reasoned opinion in *Richards v. Stanley,* supra, illustrates our position. In that case, a car had been left on the street with the key in the car, the car was stolen, and the thief was later involved in an accident with the plaintiff. The court held that a statute substantially the same as Section 304.150 RSMo 1969 was inapplicable to the issue of negligence in a civil case. The court then ruled that as a matter of law the plaintiff had failed to plead a cause of action for commom law negligence because the defendant had no duty to protect the plaintiff from the negligent driving of a thief absent a special relationship between the parties. The court indicated that no special circumstances existed which justified extending the defendant's duty to the plaintiff. The California Court of Appeal followed *Richards* in *Brooker v. El Encino Co.,* 216 Cal.App.2d 598, 31 Cal.Rptr. 24 (1963), upholding the trial court's dismissal of the cause of action against a restaurant-defendant. One of the defendant's employees had parked a customer's auto in the defendant's parking lot, leaving the auto unlocked and unattended with the keys in the ignition. The car was stolen and was involved in an accident with the plaintiffs while attempting to evade the police. The court stated that the rule in *Richards* was inapplicable only if changed by: (1) statute or ordinance; (2) a special relationship between the parties; or (3) special circumstances affecting the foreseeability of the intermeddler's negligent operation or resulting harm. The court found that the defendant did not owe a duty to the plaintiffs.[6] We hold that in the absence of special circumstances or special relationships affecting foreseeability, one who leaves a vehicle unlocked with keys in the ignition does not owe a duty to a third parties arising from accidents involving negligent thieves. Allegations that other autos have been stolen in the immediate vicinity and that thieves are likely to drive negligently are not sufficient to state special circumstances or special relationships

6. *Hergenrether v. East,* 61 Cal.2d 440, 39 Cal. Rptr. 4, 393 P.2d 164 (1964), illustrates one set of special circumstances deemed sufficient to

impose a duty upon a defendant running to third parties injured in an accident involving a theft of defendant's vehicle.

referred to in *Richards* and *Brooker.* We therefore believe that the fact that the decedent was fatally injured as a result of negligent driving by a thief was not a reasonably foreseeable consequence of defendants' conduct.

Assuming arguendo that the defendants were negligent in leaving the car keys in the ignition, the issue is whether the independent intervening act of negligence committed by the thief in driving the stolen auto was reasonably foreseeable. The weight of authority holds such an independent intervening act of negligence is not foreseeable as a matter of law. See the numerous cases cited at 45 A.L.R.3d 787 (1972). Thus the defendants' acts of negligence are remote causes, while the intervening negligence of the thief is the direct and proximate cause of the fatal injuries suffered by the decedent.

 Whether the negligent conduct of the original wrongdoers is to be insulated as a matter of law by the intervening negligence of the thief is determined by the test of foreseeability. *Smith v. Siercks,* 277 S.W.2d 521, 526 (Mo.1955); 1 Restatement of Torts § 477(a) and (b).

 If the original actors should have reasonably foreseen and anticipated the intervening act causing injury in light of the attendant circumstances, their acts of negligence would be the proximate cause of the injury. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought. *Dickerson v. St. Louis Public Service Co.,* 365 Mo. 738, 286 S.W.2d 820 (Mo. banc 1956). When negligence appears merely to have brought about a condition of affairs or a situation in which another and entirely independent and efficient agency intervenes to cause the injury, the latter is deemed the direct and proximate cause and the former only the indirect or remote cause. *Duke v. Missouri Pacific Railroad Co.,* 303 S.W.2d 613, 617 (Mo.1957).

 Having studied the allegations of the petition in this case, we conclude that the intervening independent act of negligence on the part of the thief who stole the auto was the direct and proximate cause of the fatal injuries suffered by the decedent. The thief's negligent driving could not have been reasonably foreseen by the defendants and was not a proximate cause resulting from any acts of negligence on the part of the defendants. See, e. g., *Stone v. Bethea,* 251 S.C. 157, 161 S.W.2d 171 (1968); *Kalberg v. Anderson Bros. Motor Co.,* 251 Minn. 458, 88 N.W.2d 197 (1958).

For the reasons heretofore stated the judgment of the lower court is affirmed.

CLEMENS, P. J., concurs.

STEWART, J., dissents in separate opinion.

STEWART, Judge (dissenting).

I respectfully dissent from the well-considered majority opinion.

This case comes to us upon the petition only and, as recognized in the majority opinion, we must give the petition a liberal construction and accord the petition those reasonable inferences fairly deducible from the facts stated. *Scheibel v. Hillis,* 531 S.W.2d 285, 289 (Mo. banc 1976).

I would approach this case by applying foundation principles of the law of negligence to the most favorable view of the ultimate facts alleged in plaintiffs' petition, as the Supreme Court did in *Zuber v. Clarkson Construction Co.,* 363 Mo. 532, 251 S.W.2d 52 (1952).

The elementary principles of common law negligence are:

" . . . (1) existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure." (Citations omitted). *Scheibel v. Hillis, supra,* at 288.

Negligence depends upon the surrounding circumstances as well as the conduct involved because an act or omission which is clearly negligent in some circumstances may not be negligent in other circumstanc-

es. Whether one should take appropriate precautions to avoid injury to another depends upon what one may reasonably anticipate. The injury to plaintiff by reason of the conduct of defendant must have been reasonably foreseeable. *Zuber v. Clarkson Construction Co., supra.*

As was best said in *Zuber,* 251 S.W.2d at p. 55:

" . . . if there is some probability or likelihood, not a mere possibility, of harm sufficiently serious that ordinary men would take precautions to avoid it, then the failure to do so is negligence. While the likelihood of a future happening is the test of a duty to anticipate, this does not mean the chances in favor of the happening must exceed those against it. The test is not the balance of probabilities, but of the existence of some probability of sufficient moment to induce the reasonable mind to take the precautions which would avoid it. (Citations omitted). Relating to the problem of legal or proximate causation it is restated, 'If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.' Restatement, Torts, § 449; *Christiansen v. St. Louis Public Service Co.,* 333 Mo. 408, 62 S.W.2d 828."

It is clearly pleaded that the keys were left in the ignition of the car and further that defendant, Motor Market, Inc., had actual knowledge and that the owner of the car and his principal knew or should have known that vehicles were frequently stolen from the garage and from the immediate vicinity of the garage, and that the car was left in a readily accessible area. A fair construction of these allegations can only lead to the conclusion that there was "some probability" that automobile thieves, known to be operating in the immediate vicinity, would steal automobiles left unattended with key in the ignition in the readily accessible area from which the 1973 Cadillac was

stolen. So much so that reasonable minds would take precautions to avoid the theft.

The majority cites *Gower v. Lamb,* 282 S.W.2d 867 (Mo.App.1955) which would, in my opinion, tend to lend support to plaintiffs' cause. The court there took the case as one upon an agreed statement of fact. Plaintiff did not plead that defendant knew or should have known that thief or thieves were in the vicinity. Nor was there any evidence to that effect. The court said (at 871–872):

"In the case at bar the defendant's car was not placed in operation by a curious intermeddler, but by a thief. While under certain circumstances even this intervening act might be expectable, . . . yet the criminal nature of the act certainly lessens its realizable likelihood and requires that the evidence of foreseeability of the theft be clear and convincing. Following the holding in the *Zuber* case, we believe that the defendant was under no duty to discover the presence of a thief or thieves in the vicinity where he parked his car, and that there was no fact stipulated which pointed to actual knowledge by defendant of the presence of a thief or thieves in the vicinity."

As we read the plaintiffs' petition the element lacking in *Gower* has been supplied here.

We next consider the question of whether the negligent driving of the thief was reasonably foreseeable or whether it was an independent intervening act for which defendants would not be responsible.

As said in *Scheibel* at page 288:

" . . . With respect to the problem of proximate causation, if the foreseeable likelihood that a third person may act in a particular manner is one of the hazards which makes a person negligent, such an act of a third party, whether innocent, negligent, intentionally tortious or criminal, does not prevent that person from being liable for the harm caused thereby."

The question is simple—can one reasonably anticipate that a person who has stolen

an automobile will, upon being discovered by the police in that car, operate it without regard to the safety of others in order to avoid apprehension? The mere stating of the proposition would seem to be the answer in itself.

The Supreme Court of Tennessee in *Justus v. Wood,* 209 Tenn. 55, 348 S.W.2d 332, 338 (1961), observed:

> "It is common knowledge that a person possessed of the characteristics which would cause him to thus steal an automobile is a person who is irresponsible and totally devoid of regard for the rights and safety of others who might be using the street at the same time . . ."

The Supreme Court of Michigan cited statistics which indicate that the accident rate for stolen cars is approximately 200 times the normal accident rate. *Davis v. Thornton,* 384 Mich. 138, 180 N.W.2d 11, 14 (banc 1970).

It is my opinion that the question of whether one could foresee the negligent operation of a vehicle by a thief in a matter upon which reasonable minds could differ and that the question thus becomes one for the trier of the facts.

In neither *Richards v. Stanley,* 43 Cal.2d 60, 271 P.2d 23 (banc 1954) and *Brooker v. El Encino Co.,* 216 Cal.App.2d 598, 31 Cal. Rptr. 24 (1963) were there any allegations of special circumstances. As recognized in the majority opinion those cases recognize that given special circumstances the result would have been different.

The court in *Richards v. Stanley* gives an example when at 271 P.2d page 27 it says:

> "In the present case Mrs. Stanley did not leave her car in front of a school where she might reasonably expect irresponsible children to tamper with it, see, Restatement, Torts, § 302, illus. 7 . . ."

In the case at bar, given knowledge that there is a probability of theft, do we classify the thief among the "responsible" or the "irresponsible?"

We note in conclusion that defendants Kletzker and Central Apex filed an affidavit in which they state that they were required by Motor Market to leave the keys in the car as a condition to parking their car in the garage. The court did not undertake to enter a summary judgment. We have therefore not considered the affidavit and express no opinion as to the liability as between the defendants.

I feel that plaintiffs' petition has alleged sufficient ultimate facts to invoke the jurisdiction of the courts. Therefore, I would reverse.