**Lawrence LAVO, and Robert Lavo, Plaintiffs-Respondents,**

v.

**George MEDLIN, Thomas Kwiatkowski, Terrence Brogan and Allstate Insurance Company, Defendants-Appellants.**

Nos. 48368, 48378.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 14, 1986.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1986.

Application to Transfer Denied March 25, 1986.

Godfrey, Vandover & Burns,. Inc., Samuel T. Vandover, St. Louis, for defendants-appellants.

Gary A. Growe, Clayton, for plaintiffs-respondents.

PUDLOWSKI, Judge.

Appellants Brogan and Kwiatkowski appeal from an adverse judgment entered in favor of respondents Lawrence and Robert Lavo in an action arising from the negligent operation of Kwiatkowski's car by Medlin, a thief. We reverse and remand.

On March 17, 1978, Brogan and Kwiatkowski were celebrating St. Patrick's Day. During the course of the evening, the two traveled together in Kwiatkowski's car and visited several drinking establishments. Around 10:30 p.m., they arrived at a night spot called "Ziggy's." Several hours later Brogan asked Kwiatkowski for the keys to his car. He explained that he was tired and wanted to sleep. Kwiatkowski then gave his keys to Brogan who retired to the car which was parked in the adjacent lot. Brogan turned on the ignition to start the heater and then fell asleep in the front passenger seat with the keys still in the ignition. Later, Brogan did not recall whether he turned the motor off before falling asleep.

Sometime thereafter, Medlin also left Ziggy's. Although Medlin knew neither Kwiatkowski nor Brogan and did not have permission to drive Kwiatkowski's car, he nevertheless entered the car and drove off with Brogan still asleep in the passenger's seat. After driving for only a short distance, Medlin negligently collided with a vehicle driven by respondent Lawrence Lavo.

Lawrence Lavo and his father Robert Lavo then brought suit against Kwiatkowski, Brogan, Medlin, and Allstate Insurance Company, the Lavo's uninsured motorist carrier. Their suit alleged (1) that Kwiatkowski negligently entrusted his keys to Brogan, whom he knew or should have known to be under the influence of alcohol and, therefore, incompetent to assume responsibility of the vehicle; (2) that Brogan negligently left the car keys in the ignition when he knew or should have known that a person under the influence of alcohol would

take the car and negligently operate it; and (3) that Medlin negligently operated the vehicle.

The trial court entered judgment in favor of Lawrence and Robert Lavo. It then overruled Kwiatkowski and Brogan's motions for a directed verdict or for a new trial. This appeal followed.[1]

On appeal, Kwiatkowski and Brogan argue that they breached no duty owed by them to the Lavos nor did they proximately cause Lawrence Lavo's injuries. We agree.

Three elements must exist for a case of actionable negligence: (1) a duty owed by defendant to protect plaintiff from the injury of which he complains; (2) a failure by defendant to perform that duty; and (3) injury proximately caused by defendant's failure. *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 932 (Mo.App.1976).

The concept of duty depends upon the issue of reasonable foreseeability. *Id.* at 931. If it is reasonably foreseeable that an automobile with keys left in the ignition would be stolen and negligently operated by a thief, then one would have a duty to protect third parties from this conduct. In this state, however, we have held, as a matter of law, that "in the absence of special circumstances or special relationships affecting foreseeability, one who leaves a vehicle unlocked with keys in the ignition does not owe a duty to a third parties [sic] arising from accidents involving thieves." *Id.* at 932.

In *Dix*, we cited *Hergenrether v. East*, 61 Cal.2d 440, 39 Cal.Rptr. 4, 393 P.2d 164 (1964) as illustrative of special circumstances which were held sufficient to impose a duty upon a defendant for injuries sustained by a third party in an accident arising from the theft of defendant's vehicle. In *Hergenrether*, two construction workers had parked their two-ton truck, unlocked with the keys in the ignition, on the street in the "skid row" area of the town. The

two workers parked the truck in the late afternoon with the intention of leaving it overnight. During the evening, the truck was stolen and involved in a collision with another vehicle.

The California Supreme Court identified the following circumstances to be so significant so as to impose upon the two workers a duty to the plaintiff: (1) the truck was left in a neighborhood whose inhabitants had little respect for the law; (2) the neighborhood was populated by drunks and near drunks; (3) the truck was intended to be left for a relatively long period of time; and (4) the two-ton truck was capable of inflicting injury and damage much more severe than an ordinary vehicle. *Hergenrether*, 39 Cal.Rptr. 4, 393 P.2d at 167.

In the present case, the Lavos claim that similar special circumstances existed to impose a duty upon Brogan and Kwiatkowski because Kwiatkowski's car was parked outside a bar on St. Patrick's Day night and a reasonable person would have known or should have known that a third person under the influence of alcohol would take and negligently drive the car.

We disagree. Nothing in the record suggests that the neighborhood where Ziggy's was located was of an unsafe character. The area was populated neither by drunkards nor by persons who had been arrested for crimes such as disorderly conduct, vagrancy, and auto theft. Nor was Kwiatkowski's car, a Gremlin, an unusually dangerous vehicle like the two-ton truck involved in the accident in *Hergenrether*. Moreover, the fact that Brogan was actually *inside* the car asleep in the *front seat* renders even more improbable the chance that someone like Medlin would attempt to steal the vehicle.

For these reasons, we hold that the facts of the present case were insufficient to establish special circumstances which would require the imposition of a duty upon Brogan and Kwiatkowski. Moreover,

**1.** Only Kwiatkowski and Brogan appeal. Medlin, an uninsured motorist, was deceased at the time of trial and is judgment proof. Allstate Insurance Company settled with respondents after the trial.

as a matter of law, the independent, intervening act of negligence committed by Medlin in driving Kwiatkowski's car was not reasonably foreseeable. Therefore, Medlin's actions, and not those of Brogan and Kwiatkowski, were the proximate cause of Lawrence Lavo's injuries. *Dix,* 540 S.W.2d at 933.

Because we hold as a matter of law that Brogan and Kwiatkowski were not negligent, we need not address their remaining points on appeal. The judgment of the trial court is reversed and remanded with directions to enter judgment in favor of Brogan and Kwiatkowski.

CRANDALL, P.J., and KELLY, J., concur.