Tomas SILVA, Appellant,

v.

CONSTRUCTION AND ABATEMENT
SERVICES, INC., Respondent.

No. WD 67784.

Missouri Court of Appeals,
Western District.

Sept. 4, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 30, 2007.

Application for Transfer Denied
Dec. 18, 2007.

H. William McIntosh and Steven Hobson, Kansas City, for Appellant.

Kyle Nathan Roehler, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Tomas Silva sued Construction and Abatement Services, Inc., seeking damages for personal injuries sustained by Silva in an automobile accident resulting

from the negligent operation of Construction and Abatement Services' vehicle by a thief.[1] Silva asserted that Construction and Abatement Services' agent was negligent and careless in leaving the key in the vehicle's ignition because it enabled the thief to steal the vehicle and to operate it negligently. The circuit court dismissed Silva's petition for failure to state a claim for which relief could be granted, and Silva appeals. We affirm the circuit court's judgment.

When we review a circuit court's granting of a motion to dismiss, we construe the plaintiff's pleadings liberally in the plaintiff's favor—giving them the broadest interpretation within reason. *Ritterbusch v. Holt,* 789 S.W.2d 491, 492 (Mo. banc 1990).

On June 9, 2004, near 30th and Prospect in Kansas City, Silva was injured when a large pickup driven by Cortez Hanley collided with the vehicle in which Silva was riding. Hanley, who was 15 years old at the time, had stolen the pickup from a gasoline station at 3319 East Linwood in Kansas City approximately 12 hours earlier. Construction and Abatement Services owned the truck. Its employee had driven it to the station for refueling and was inside the station paying for gasoline when the theft occurred. He had left the keys in the pickup's ignition.

In his petition, Silva alleged:

6. At all relevant times, the vicinity in which [Construction and Abatement Services] left the truck unattended with the keys in the ignition was an area frequented by persons with little respect for the law and the rights of others, and which had experienced a high crime rate including reported assaults, thefts of

---

1. Silva also sued Cortex Hanley, the thief, for negligent driving. When the circuit court dismissed Silva's claim against Construction and Abatement Services, Silva voluntarily dismissed his claim against Hanley without prejudice.

various kinds, and other criminal activities.

7. At all relevant times it was reasonably foreseeable to [Construction and Abatement Services] that leaving the key in the ignition of its unlocked [Ford] F–350 truck at that time and in that area of Kansas City would enable a thief to steal the vehicle easily when the driver left it unattended, and that such thief would negligently operate the vehicle and cause injury to third parties.

8. [Construction and Abatement Services] was negligent and careless in leaving the key in the ignition of an unattended vehicle and failing to secure the vehicle to prevent its theft in the particular locale and under the circumstances then and there existing.

9. [Construction and Abatement Service's] conduct as aforesaid directly caused or directly contributed to cause the injuries and damages sustained by [Silva].

Construction and Abatement Services filed a motion to dismiss Silva's petition. It asserted that the petition failed to state a claim for which relief could be granted. The circuit court granted the motion. In dismissing Silva's claim against Construction and Abatement Services with prejudice, the circuit court said:

Under Missouri law, in the absence of special circumstances or special relationships affecting [foreseeability], one who leaves a vehicle unlocked with keys in the ignition does not owe a duty to third parties injured in accidents with thieves. *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 932 (Mo.App.1976). However, the facts as alleged in [Silva's] second amended petition, taken as true, do not constitute sufficient special circumstances to hold ... Construction and Abatement Services, Inc.[,] liable under a negligence theory for injuries he sustained in a vehicular accident with [Construction and Abatement Services'] vehicle, stolen and operated by a thief. See *Lavo v. Medlin*, 705 S.W.2d 562 (Mo. App.1986).

Silva appeals. Silva asserts that the circuit court erred in dismissing his claim against Construction and Abatement Services because his petition alleged ultimate facts entitling him to relief for Construction and Abatement Services' negligence in facilitating the theft of its truck and contributing to cause his injuries. We disagree.

■ In any action for negligence, the plaintiff must allege that the defendant had a duty to protect the plaintiff from injury, that the defendant breached that duty, and that the defendant's breach was the proximate cause injury of the plaintiff's injury. *L.A.C. v. Ward Parkway Shopping Center Company, L.P.*, 75 S.W.3d 247, 257 (Mo. banc 2002). If all of these elements are not alleged in the petition, the circuit court should dismiss the petition for failure to state a claim for which relief could be granted. *Downey v. Mitchell*, 835 S.W.2d 554, 555 (Mo.App.1992).

■ In Missouri, "in the absence of special circumstances or special relationships affecting foreseeability, one who leaves a vehicle unlocked with keys in the ignition does not owe a duty to a third part[y] arising from accidents involving negligent thieves." *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 932 (Mo.App.1976); *see also Lavo v. Medlin*, 705 S.W.2d 562, 564 (Mo.App.1986). Moreover, even assuming that a defendant is negligent in leaving keys in a vehicle's ignition, the courts have declared that the thief's independent, intervening negligence in driving the vehicle is not foreseeable as a matter of law. *Dix*, 540 S.W.2d at 933; *Lavo*, 705 S.W.2d at 565; *Gower v. Lamb*, 282 S.W.2d 867, 871–72 (Mo.App.1955). Moreover, the operator's leaving keys in the

vehicle is not the proximate cause of the plaintiff's injuries. As the *Dix* court explained, the operator's act of leaving the keys in the ignition is a remote cause, and the thief's intervening negligence is the direct and proximate cause of any injuries suffered by the plaintiff. *Dix*, 540 S.W.2d at 933.

Silva, however, urges us to re-examine *Dix*, *Lavo*, and *Gower* because, he asserts, those cases conflict with the Supreme Court's opinion in *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852 (1993). He contends that *Callahan* adopted a "look back" test for causation and not one of pure foreseeability that, he contends, was the basis for the courts' rulings in *Dix*, *Lavo*, and *Gower*. Indeed, the *Callahan* court explained that an injury "must be a reasonable and probable consequence of the act or omission of the defendant," and that this is determined by applying a "'look back' test" with "a sprinkling of foreseeability." *Id.* at 865. The *Callahan* court explained:

> To the extent the damages are surprising, unexpected, or freakish, they may not be the natural and probable consequences of a defendant's actions. If the facts involved an extended scenario involving multiple persons and events with potential intervening causes, then the requirement that the damages that result be the natural and probable consequence of defendant's conduct comes into play and may cut off liability.

*Id.*

■ We need not concern ourselves with whether or not the circuit court properly employed the "look back test," however, because Silva failed to establish that the act of leaving the keys in the ignition was not the proximate cause of his injuries. The proximate cause was the thief's negligent operation of the vehicle. *Dix*, 540 S.W.2d at 933. "If a prior and remote cause does nothing more than give rise to

an occasion by which an injury is made possible, and there intervenes between that cause and the injury a distinct and unrelated cause of injury, a negligence action does not lie, even though the 'but-for' test is satisfied." *Tompkins v. Cervantes*, 917 S.W.2d 186, 191 (Mo.App.1996). The act of leaving the keys in the ignition did no more than give rise to an occasion by which an injury was made possible. The thief's stealing and negligently driving the vehicle was the distinct cause of Silva's injury.

We, therefore, affirm the circuit court's judgment dismissing Silva's petition for failure to state a claim upon which relief could be granted.

THOMAS H. NEWTON, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.