**Peter Stanko and Mary Stanko, Plaintiffs-Appellants, v. Ray Zilien, Defendant-Appellee, et al.**

### Gen. No. 48,404.

First District, Second Division.
December 5, 1961.
Rehearing denied January 16, 1962.

Katz & Friedman, of Chicago (Harold A. Katz, Irving M. Friedman, Jerome Schur, Arthur Brody, and Oscar O. D'Angelo, of counsel), for appellants.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (John M. O'Connor, Jr. and William D. Maddux, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a summary judgment entered in favor of one of the defendants, Ray Zilien,

and a subsequent finding by the lower court that there was no just reason to delay an appeal.

Mary Stanko was injured and Peter Stanko's car damaged in a collision with an automobile which was stolen by Joseph Drabik from the used car lot of defendant, Ray Zilien. The car had been parked on a privately owned lot, which was attended by defendant's employees, and had the keys in the car. Drabik came to the lot during business hours ostensibly to buy but in fact to select a car to steal, and substituted keys. At night all the keys, including the substituted key in the car in question, were locked in their place in a cabinet. Drabik returned later that night and with the key which he had taken entered the car and stole it. The theft was reported to the police the next morning. Twelve days later and 41½ blocks from the scene of the theft Drabik collided with plaintiffs' automobile while Drabik was in flight from the police. This was not, of course, the original flight from the scene of the theft. Plaintiffs allege that leaving the key in this stolen car constituted negligence and was in violation of Section 189 of the Uniform Act Regulating Traffic on Highways, Ill Rev Stat 1959, ch 95½, which provides as follows:

> "189 UNATTENDED MOTOR VEHICLES. § 92. No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway."

This is a provision in regard to motor vehicles which by its general title regulates traffic on highways. Section 117 of the Act provides:

"117. § 20. PROVISIONS OF ACT REFER TO VEHICLES UPON THE HIGHWAYS—EXCEPTIONS. The provisions of this Act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

1. Where a different place is specifically referred to in a given section.

2. The provisions of Articles IV and V shall apply upon highways and elsewhere throughout the State."

■ This, therefore, does not apply to persons who had their cars on private property and which were stolen at a later time and driven away. It is not intended to apply to them but to those who leave their cars on public highways with the ignition on and the cars were then stolen. It has been construed in several cases by our courts with various results. These were set forth by Judge Niemeyer in a dissenting opinion in Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537.

None of the prior cases presented the issue of whether the car was parked on private property. It was always parked on a public street or alley in the other cases. Moran v. Borden Co., 309 Ill App 391, 33 NE2d 166; Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537; Cockrell v. Sullivan, 344 Ill App 620, 101 NE2d 878. In this particular case not only were all of the automobiles on private property when they were on the lot, but they were subject to the condition that they were watched. The thief made a key or took a key which he later used to steal the car when everyone was away from the lot and in the dead of the night.

■ In Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE 2d 74, it was held that the owner was liable for an accident resulting from the theft of a cab which was

left on a public highway with the motor running. The thief ran into plaintiff's car while fleeing from the scene of the theft, and it was there decided that the jury could properly conclude that the owner's negligence was the proximate cause of the injury. However, that holding cannot be extended to cover the facts of the instant case because the section of the Act pertaining to keys left in cars does not apply to automobiles on private property, and in any event the intervening time and distance and the actions of the thief broke any causal connection so that leaving the key in the car in this case was not the proximate cause of the accident.

We are met with the contention that this court does not have jurisdiction to decide the case because a similar motion for dismissal of the complaint had been made and decided in favor of the plaintiff by the late Judge Harry C. Fisher. It was not an identical motion because at that time it was not urged upon the court that the car was on private property at the time of the theft. It raised the competency of the complaint which was there in issue.

The decision, however, rests on a broader basis than that. Roach v. Village of Winnetka, 366 Ill 578, at 581, 10 NE2d 356, disposes of the present issue in the following language:

> "Appellants object to the court reconsidering its ruling on the motion for judgment, but this was not error. A court may correct an erroneous ruling at any time before final judgment. Shaw v. Dorris, 290 Ill 196."

■ Not only does the lower court have power to correct, modify or change an order at any time before final judgment is entered, but may even set aside any final order, judgment or decree on motion filed with-

in thirty days after entry of such final order. Ill Rev Stat 1959, c 110, § 50(6).

The case of Wilson v. Fisher, 369 Ill 538, 17 NE2d 216 is clearly distinguishable on this point because the relevant aspect of that case was that a decree cannot be vacated or amended at a subsequent term in order to correct an alleged error which involves the merits of the case.

█ The final point raised by appellant is that even if there was no violation of the statute there was a clear case of negligence at common law. This contention cannot be sustained for the reason that there was no causal connection between leaving the key in the car and the accident twelve days later and 41½ blocks from the scene of the theft. To hold the original owner liable in this case would be beyond the bounds of proximate cause.

The doctrine of proximate cause has been much discussed by our courts. It was held in Johnston v. City of East Moline, 405 Ill 460, 464, 91 NE2d 401: "An intervening and efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury."

It certainly cannot be said in this case that there was not a break in the causal connection with the intervention of twelve days and the fact that there was driving by the defendant Drabik which was far away in time and place from the theft from defendant Zilien, and it was this driving which caused the accident.

There is no common law action because the key left in the car was not the proximate cause of the accident.

The judgment is affirmed.

FRIEND, P. J. and BURKE, J., concur.