2021 IL App (1st) 192260-U

FIRST DIVISION
March 15, 2021

No. 1-19-2260

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| KATHERINE ROACH, as Special Administrator of the Estate of Jada Woodard, deceased, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | Appeal from the Circuit Court of Cook County |
| v. | ) ) | |
| SANDER Y. CASTRO, | ) ) | No. 19 L 2920 |
| Defendant-Appellee, | ) ) | The Honorable |
| and | ) ) | Daniel T. Gillespie, Judge Presiding. |
| MAX BARNES and TEQUIA BELLANGER, | ) ) | |
| Defendants. | ) | |

JUSTICE PIERCE delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    Held:    The trial court did not err in dismissing plaintiff's claim with prejudice where plaintiff could not establish that defendant car owner's negligence was a proximate cause of decedent's death as a matter of law.

¶ 2    Plaintiff, Katherine Roach, as special administrator of the estate of Jada Woodard, appeals

from the circuit court's dismissal of her claim against defendant, Sander Y. Castro. Plaintiff filed

suit against Castro alleging that his negligence in leaving his vehicle running with the keys in the ignition proximately caused Woodard's death ten days later. The circuit court dismissed plaintiff's claim with prejudice after finding that Castro's alleged negligence was not a proximate cause of Woodard's death. For the following reasons, we affirm the circuit court's judgment.

¶ 3                                     I. BACKGROUND

¶ 4     Plaintiff's complaint alleged that on March 16, 2017, Castro was the owner of a 2013 Dodge Durango. Castro drove to the Shell Gas Station at 1600 West North Avenue, Chicago. Castro went inside to pay for the gas, and left his vehicle running with the keys in the ignition. When Castro came out his vehicle had been stolen.

¶ 5     On March 26, 2017, Woodard was a passenger in the stolen Durango, which was being driven by either Max Barnes or Tequia Bellanger near the intersection of West Fulton Street and North Washtenaw Avenue. The Durango was traveling at a high rate of speed and drove into a flooded viaduct, lost control and collided with a building. Woodard died as a result of the injuries she sustained in the accident. At the time of the collision, either Barnes or Bellanger possessed the Durango knowing it was stolen, they transported an open container of alcohol in the passenger area and they failed to maintain control over the vehicle and prevent the injury to Woodard.

¶ 6     On March 18, 2019, plaintiff filed suit against Castro, Barnes, and Bellanger, alleging that their negligent actions and omissions resulted in the wrongful death of Woodard under the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2018)). As to Castro, plaintiff maintained that his violation of Chicago Municipal Code § 9-4-080 (amended March 11, 1998) proximately caused Woodard's death. Section 9-4-080 provides

          "Required parking procedure.

No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine and removing the ignition key, and when standing upon any grade, effectively setting the brake thereon and turning the front wheels to the curb or side of the roadway." *Id.*

¶ 7　Castro filed a motion to dismiss the claim against him pursuant to 735 ILCS 5/2-615 (West 2018). Castro argued that plaintiff failed to plead sufficient facts to show that he proximately caused Woodard's death. Plaintiff's response argued that Castro's violation of section 9-4-080 was *prima facie* evidence of negligence and, therefore, proximate cause was a question of fact for the jury to decide. Castro filed a reply.

¶ 8　On October 3, 2019, the circuit court granted Castro's motion and dismissed plaintiff's claim with prejudice. In its written order, the circuit court stated that plaintiff could not plead sufficient facts to show that Castro's negligence in violating the city ordinance proximately caused Woodard's death ten days later. The court ruled that "[t]he proximate cause of the accident in this case was not Castro's alleged violation of Section 9-40-080. The proximate cause of the accident was the loss of control of the vehicle by Defendant Max Barnes or Defendant Tequia Bellanger." The circuit court ordered that there was no just reason for delaying enforcement or appeal of its order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 9　On November 1, 2019, plaintiff filed a timely notice of appeal.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　On appeal, plaintiff argues that the circuit court erred in granting the motion to dismiss with prejudice because a *prima facie* case of negligence has been pled, and proximate cause is a question of fact that must be decided by the jury.

¶ 12    We review *de novo* the circuit court's decision on a motion to dismiss brought under section 2-615. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. *Id.* All well-pleaded facts are taken as true and reasonable inferences are drawn in favor of the plaintiff when reviewing the sufficiency of a complaint under section 2-615. *Id.* "Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.*

¶ 13    To state a claim under the Illinois Wrongful Death Act, a plaintiff must plead that "(1) defendant owed a duty to the deceased; (2) defendant breached that duty; (3) the breach of duty was the proximate cause of the deceased's death; and (4) monetary damages resulted to persons designated under the Act." *Bovan v. American Family Life Insurance Co.*, 386 Ill. App. 3d 933, 938 (2008). "Aside from the additional element of the occurrence of death, the elements of a wrongful death claim are identical to those of a common law negligence claim." *Williams v. Manchester*, 372 Ill. App. 3d 211, 223 (2007), vacated in part, 228 Ill. 2d 404 (2008).

¶ 14    The parties do not dispute that plaintiff has adequately pled that Castro's violation of section 9-4-080 constituted a breach of a duty to Woodard. "The violation of a public safety statute is *prima facie* evidence of negligence and creates a cause of action if it is the proximate cause of the subsequent injury." *Kacena v. George W. Bowers Co.*, 63 Ill. App. 2d 27, 33 (1965). See also *Ney v. Yellow Cab Co.*, 2 Ill. 2d 74 (1954) (holding that violation of a similar parking ordinance established *prima facie* negligence on the part of the vehicle owner) and *Ruyle v. Reynolds*, 43 Ill. App. 3d 905 (1976) (same). "The injury must have a direct and proximate connection with the violation of the statute before liability will be held to exist." *Ney*, 2 Ill. 2d at 79. Therefore, we turn

to the issue of whether plaintiff adequately pled that Castro's violation of section 9-4-080 proximately caused Woodard's death.

¶ 15                              I. Proximate Cause

¶ 16     Proximate cause consists of cause in fact and legal cause. *Phillips v. Budget Rent-A-Car Systems, Inc.*, 372 Ill. App. 3d 155, 165 (2007) (citing *Abrams v. City of Chicago*, 211 Ill. 2d 251, 258 (2004). "Cause in fact concerns whether the defendant's conduct is a material factor in bringing about the injury if the injury would not have occurred absent the defendant's conduct. [Citation.] Legal cause consists largely of a question of foreseeability." *Id.*

¶ 17     For proximate cause to exist, "[t]he injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act." *Ney*, 2 Ill. 2d at 79. There may be more than one proximate cause of injury, and "one is liable for its negligent conduct whether it contributed in whole or in part to the injury as long as proximate cause exists." *Chambers v. Rush-Presbyterian-St. Luke's Medical Center*, 155 Ill. App. 3d 458, 465 (1987).

¶ 18     Generally, where a *prima facie* case of negligence has been established, proximate cause is a question for the jury. *Ney*, 2 Ill. 2d at 84. "Although the issue of proximate cause is ordinarily a question of fact determined by the trier of fact, it is well settled that it may be determined as a matter of law by the court where the facts as alleged show that the plaintiff would never be entitled to recover." *Abrams*, 211 Ill. 2d at 257-258.

¶ 19                             A. Cause in Fact

¶ 20    Castro argues that his violation of section 9-40-080 is merely a condition which made Woodard's death possible and that the negligent driving was the cause in fact of her death. He argues that the theft of his vehicle by an unknown person and the subsequent negligent driving of Barnes or Bellanger were intervening causes of Woodard's death such that Castro's negligence cannot be a cause in fact of Woodard's death as a matter of law.

¶ 21    "When, as here, the plaintiff's injury ' results not from the defendant's negligence directly but from the subsequent, independent act of a third person, ' courts determine cause in fact by employing the 'substantial factor' test." *Kramer v. Szczepaniak*, 2018 IL App (1st) 171411, ¶ 27 (quoting *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 259 (1999)). "A defendant's conduct is a material element and a substantial factor in bringing about an injury if, absent that conduct, the injury would not have occurred." *Galman*, 188 Ill. 2d at 258. Where "two wholly independent acts, by independent parties, neither bearing to the other any relation or control, cause an injury by one creating the occasion or condition upon which the other operates, the act or omission which places the dangerous agency in operation is the efficient intervening cause that breaks the causal connection and makes the other act or omission the remote and not the proximate cause of the injury." *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 317 (1942).

¶ 22    Here, we find that Castro's negligence was a condition, not a cause in fact of Woodard's injury where the facts show that the accident occurred ten days after and three miles from the theft of Castro's vehicle, and where Barnes or Bellanger was driving the stolen vehicle at a high rate of speed with an open container of alcohol into a flooded viaduct. Plaintiff argues that she sufficiently alleged cause in fact because Woodard would not have been in the stolen vehicle but for Castro's negligence. Thus, plaintiff claims that Castro's negligence started the chain of events which led to Woodard's injury. *Kacena*, 63 Ill. App. 2d at 39. But Castro's failure to remove the keys from the

ignition is so attenuated from the collision because of the delay and numerous intervening causes that plaintiff cannot show that Woodard's death would not have occurred but for Castro's negligence. We find that the facts pled by plaintiff and reasonable inferences drawn in plaintiff's favor cannot establish that Castro's statutory violation was a cause in fact of Woodard's death. Therefore, we find that the trial court did not err in dismissing plaintiff's claim as a matter of law.

¶ 23                                             B. Legal Cause

¶ 24    Even if plaintiff adequately pled that Castro's negligence was a cause in fact of Woodard's death, we find that plaintiff cannot show proximate cause because it was not reasonably foreseeable that Castro's negligence would cause a collision resulting in Woodard's death ten days later and three miles away.

¶ 25    In negligence cases involving injuries caused by the intervening acts of third parties, "where the plaintiff's injury results not from the defendant's negligence directly but from the subsequent, independent act of a third person," the test for whether legal cause exists is "whether the first wrongdoer reasonably might have anticipated the intervening efficient cause as a natural and probable result of the first party's own negligence." *Abrams*, 211 Ill. 2d at 259. "If the act of a third party is the immediate cause of the injury and is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the original wrong, the connection is broken and the first act or omission is not the proximate cause of the injury." *Merlo*, 381 Ill. at 317.

¶ 26    Our supreme court in *Ney* held that the intervening theft of an unattended vehicle does not necessarily relieve the vehicle owner of liability for an accident caused by the thief in flight where the theft was reasonably foreseeable. 2 Ill. 2d at 80. In *Kacena*, this court held that factors such as delay, the intervening criminal acts of the thief, or the negligent driving of the stolen vehicle also

do not automatically break the causal connection between a plaintiff's injury and the vehicle owner's statutory violation. 63 Ill. App. 2d at 35. However, we held that "leaving keys in any automobile cannot render the violator liable for all consequences that might follow that act." *Id.* Answers to "questions of foreseeability and proximate cause upon which liability depends can only be determined from a complete examination of the factual situation presented." *Id.* These determinations are not solely the province of the jury. "[T]here are areas in which reasonable minds can and will disagree as to liability and these cannot be defined except on an ad hoc basis." *Id.* at 36.

¶ 27    In *Kacena*, this court specifically declined to impose a bright line limitation on liability based on time or physical distance between a defendant's statutory violation, a third-party's theft, and a plaintiff's injury. Instead, we held that "[e]ach case must rest on its own facts." *Id.* at 35.

¶ 28    This court has previously ruled that time and distance may break the causal connection between a defendant's failure to remove keys from a subsequently stolen vehicle and an accident involving the stolen vehicle. *Stanko v. Zilien*, 33 Ill. App. 2d 364 (1961). *Stanko* involved a common-law negligence claim brought by plaintiffs injured in a collision with a car stolen from defendant's automobile dealership. *Id.* at 366. The collision occurred twelve days after and 41½ blocks away from the site of the theft. *Id.* The trial court entered summary judgment in favor of the defendant, and this court affirmed, holding that "there was no causal connection between leaving the key in the car and the accident twelve days later and 41 1/2 blocks from the scene of the theft. To hold the original owner liable in this case would be beyond the bounds of proximate cause." *Id.* at 369. We found that the driving by the thief "which was far away in time and place from the theft" was the proximate cause of the accident. *Id.*

¶ 29     This court considered a similar situation in *Phillips*, 372 Ill. App. 3d 155. In that case, the driver of a stolen Budget rental car collided with the plaintiff's vehicle, injuring plaintiff. *Id.* at 159. The plaintiff asserted a common-law claim of negligence against Budget, alleging that it left the keys in the ignition of its unattended vehicle in its private parking lot and it owed a duty to prevent the accident in this case. *Id.* at 162. The circuit court entered summary judgment in favor of Budget and this court affirmed, finding that the plaintiff failed to establish that Budget owed plaintiff a duty to prevent the theft. *Id.* at 163. This court went on to state that even if a genuine issue of material fact existed as to Budget's duty to the plaintiff, "summary judgment was appropriate in the case at bar due to lack of proximate cause." *Id.* at 165. This court stated that proximate cause could not be established as a matter of law because plaintiff failed to show that the theft of the vehicle was reasonably foreseeable, and because the accident occurred eight days after and 26 miles from the theft. *Id.* at 166. Citing *Stanko*, this court found "that the remoteness of time and distance prevented the establishment of proximate cause." *Id.*

¶ 30     Like *Stanko* and *Phillips*, we find that Castro's alleged negligence was too remote in time and space from Woodard's death to be a proximate cause of it. The facts as pled here, even when construed in the light most favorable to plaintiff, cannot show that it was reasonably foreseeable that Castro's alleged negligence would result in Woodard's death ten days later, three miles away, after the theft of the vehicle by an unknown person and the negligent driving of Barnes or Bellanger. The delay and distance between Castro's alleged statutory violation and Woodard's death, and the multiple intervening acts of the theft and the negligent driving violations by Barnes or Bellanger, broke the causal connection between Castro's acts or omissions and Woodard's death.

¶ 31    Because reasonable minds would agree that Castro's alleged negligence was not a cause in fact or legal cause of Woodard's death, to impose liability for Woodard's death on Castro would be outside the bounds of proximate cause. See *Holbrook v. Peric*, 129 Ill. App. 3d 996, 1000 (1984) (proximate cause may be decided as a matter of law where "no reasonable person could infer that defendants' alleged negligent acts proximately caused plaintiff's injuries."). We find that the trial court did not err in dismissing plaintiff's claim because the time and distance between the statutory violation and the facts surrounding the fatal incident preclude plaintiff from establishing that Castro proximately caused Woodard's death as a matter of law.

¶ 32    Plaintiff did not move to file an amended complaint to cure the deficiencies found by the circuit court. On appeal, plaintiff seeks remand to the circuit court to cure the proximate cause pleading deficiencies. However, plaintiff does not provide any argument or suggest any factual basis that would cure this deficiency. Given the failure to request leave to file an amended complaint in the circuit court and failure to provide any basis on appeal justifying that relief, we will not speculate on plaintiff's ability to do so. Because plaintiff cannot establish proximate cause as a matter of law, amendment would not cure the deficiencies in plaintiff's claim. We thus find that the trial court did not err in dismissing plaintiff's claim with prejudice. *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008) (holding that where no set of facts can be proved under the pleadings which would entitle plaintiffs to relief, dismissal with prejudice is proper).

¶ 33                                 III. CONCLUSION

¶ 34    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 35    Affirmed.